## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY D. HENDERSON | ) |
| 4315 Gallatin Street | ) |
| Hyattsville, MD 20781, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01966 (RWR) |
| | ) |
| ANTHONY A. WILLIAMS | ) |
| MAYOR, DISTRICT OF COLUMBIA | ) |
| John A. Wilson Building | ) |
| 1350 Pennsylvania Ave., N.W. | ) |
| Washington, DC 20004 | ) |
| | ) |
| and | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| John A. Wilson Building | ) |
| 1350 Pennsylvania Ave., N.W. | ) |
| Washington, DC 20004 | ) |
| | ) |
| Defendants. | ) |
| ————————————————— | ) |

### FIRST AMENDED COMPLAINT

1.   Plaintiff Anthony D. Henderson, by and through under-
signed counsel, hereby files this action against Defendants
Anthony A. Williams, Mayor of the District of Columbia, in his
official capacity only, and the District of Columbia, pursuant
to Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. § 2000e et seq., and seeks relief pursuant to Title VII
and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §
1981a, for harms caused to him by the unlawful gender

discrimination of the District of Columbia Public Schools ("DCPS"), when Plaintiff was subjected to disparate treatment, unequal terms of employment, and was not promoted because of gender discrimination and retaliation. This First Amended Complaint substitutes the above-named Defendants in place DCPS, which was previously named as the Defendant. Plaintiff requests as relief: placement into the position of Human Resources Specialist, back pay and benefits, compensatory damages, record correction, and an award of reasonable attorney fees at prevailing market (Laffey) rates in order to remedy fully the unlawful acts of DCPS.

## Parties

2.  Plaintiff Anthony D. Henderson is a citizen of the United States and a resident of Maryland and was so at all times relevant to this Complaint. He resides at 4315 Gallatin Street, Hyattsville, MD 20781. Plaintiff was employed by DCPS in the District of Columbia from August 1999 through August 2001, and again from August 25, 2003 to September 27, 2003, when he was constructively discharged.

3.  Defendant Anthony A. Williams is the Mayor of the District of Columbia and, as such, the person appropriately named in civil actions against DCPS, which is not a suable

2

entity under the District of Columbia Code.  Defendant is sued
in his official capacity only.  His address is John A. Wilson
Building, 1350 Pennsylvania Ave., N.W., Washington, DC 20004.
DCPS's principal office is located at 825 North Capitol Street,
N.E., Washington, DC 20002.

4.    Defendant District of Columbia is the governing entity
that operates DCPS, which is not a suable entity.  Defendant's
address is John A. Wilson Building, 1350 Pennsylvania Ave.,
N.W., Washington, DC 20004.

## Jurisdiction and Venue

5.    This Court has jurisdiction over this Complaint
because it presents a question of federal law. 28 U.S.C. § 1331.

6.    Specifically, this Court has jurisdiction to
adjudicate this Complaint pursuant to 42 U.S.C. §2000e-5(f)(3)
and 29 U.S.C. §217.

7.    This Court is the proper venue pursuant to 28 U.S.C.
§ 1391 and 42 U.S.C. §2000e-5(f)(3).  All of the unlawful
discriminatory actions took place in the District of Columbia.

8.    This Court is the proper venue pursuant to 28 U.S.C.
§ 1391 and 42 U.S.C. §2000e-5(f)(3). All of the unlawful
discriminatory actions took place in the District of Columbia.

**Facts**

9.    Plaintiff Anthony D. Henderson has an extensive background in Human Resources through both his work experience and training.    Plaintiff commenced his Human Resources experience when he served as a Personnel Operations Non-Commissioned Officer in the Army National Guard for five years from November 1989 to July 1994.

10.    Plaintiff was hired by DCPS in August 1999 and was employed there for three years.    From 1999 until June 30, 2001, he was employed as a Human Resources Information Specialist ("HRIS") Analyst. From July 2001 to August 2001, he was employed as an Assistant Payroll Manager in the office of the Chief Financial Officer, at a grade of MS-12, Step 4, being compensated in the amount of $53,676.48 per annum.

11.    From March 2002 to January 2003, Plaintiff was employed as Lead HRIS Specialist by Pearson NCS, a federal contractor working with the Department of Homeland Security and the Transportation Safety Administration. In this position, he managed all aspects of day-to-day human resources operations and activities for over 63,000 federal employees.

12.    Plaintiff is certified in the use and operation of a number of Human Resources-related software programs.    He is

4

recognized for his experience and ability with these programs.

13.  In August 2003, Plaintiff was asked by DCPS to return to work for DCPS on a temporary basis to assist with a number of ongoing Human Resources information technology projects.  An urgent need for his skills was stressed.  Therefore, he commenced employment without a formal offer letter containing salary information.

14.  Plaintiff commenced working for DCPS on August 25, 2003, in a temporary position.  He was told by his supervisor that a permanent position would soon be created. Upon his return to work for DCPS, Plaintiff was assigned a salary rate of only $36,421 per annum.  He was paid significantly less than he should have been.

15.  On September 24, 2003, Plaintiff requested that his salary rate be corrected from EG-11, Step 1, to his former salary rate of EG-12, Step 7, according to Subpart 2.14 of the District of Columbia Personnel Manual ("DPM"), Compensation Part 2, Chapter 11B.  During the recruiting process, DCPS led Plaintiff to believe that his new position would be paid at his former salary rate based on prevailing practice and the explicit recommendations under the provisions of Subpart 2.14.  He formally requested that he receive back pay from the effective

5

date of his rehiring (i.e., August 25, 2003).

16. On September 26, 2003, DCPS informed Plaintiff that budget constraints prevented DCPS from correcting his salary to comply with its own compensation guidelines. Plaintiff's supervisor, Aleta Alsop, suggested that he apply for other positions.

17. On September 24, 2003, DCPS posted a vacancy announce-ment on its website for an Information Technology Specialist, EG-2210-11, with a salary range of $38,068 to $49,038.

18. Except for the fact that this position had a higher rate of pay than Plaintiff was receiving, this newly announced position was identical to Plaintiff's position in all respects, including its job description and responsibilities.

19. This vacancy was announced despite DCPS's claims that budget constraints made it impossible for DCPS to pay Plaintiff a higher salary.

20. Ms. Alsop did not inform Plaintiff of the new vacancy, even though it was in her section.

21. After September 2003, DCPS hired another employee with less experience at a higher rate of pay to perform duties similar to those Plaintiff was already performing in the same section. DCPS adhered to the provisions and recommendations of

Subpart 2.14 in setting the rates of pay for other female employees.

22.  DCPS could have easily converted Plaintiff to the pay grade and step identified in the vacancy announcement for the position that was identical to his.  DCPS also could have converted Plaintiff into the permanent position at the proper higher rate of pay.  DCPS has converted female employees into full-time positions without board approval.

23.  Faced with DCPS's refusal to properly adjust his pay, Plaintiff was constructively discharged, and he resigned from employment with DCPS effective September 27, 2003.

24.  On October 1, 2003, Plaintiff filed a discrimination complaint based on gender with DCPS's Office of Human Resources, Office of Employee Services.  The complaint specifically disclosed his concern that DCPS would prevent or summarily reject any application on his part for other positions with DCPS or prevent such an application from being given equitable and non-discriminatory treatment.

25.  On September 23, 2003, Plaintiff applied for employment with DCPS in the position of Human Resources Specialist 03-OHR-032A. His application included a resume and an extensive list of ranking factors documenting his extensive

experience and expertise in the field of Human Resources.  DCPS and its personnel office were well aware of Plaintiff's Human Resources credentials based on his prior employment with DCPS.

26.  Plaintiff was never contacted or interviewed for this position, despite his documented experience in Human Resources. When he inquired about the vacancy, he learned that a female applicant had been selected for the position.

27.  On April 29, 2004, Plaintiff submitted a request under the Freedom of Information Act for a copy of the selection ratings of the applicants for the position that DCPS denied him. Plaintiff received the requested documentation on June 22, 2004, and it included a short list of the candidates who were given interviews as well as all of the ranking sheets for applicants for the position.

28.  Despite his obvious Human Resources qualifications, Plaintiff's name did not appear on the short list of candidates who were granted interviews.  Of the 14 names on the short list, 11 were obviously female.

29.  Plaintiff's ranking sheet acknowledged that DCPS received his completed application together with the list of his ranking factors, as discussed above.  Nevertheless, DCPS gave Plaintiff a score of 0 out of a possible 5 points for Human

8

Resources experience.  This score was incorrect and false.

30.  Despite the fact that Plaintiff had worked directly for DCPS in the field of Human Resources for a period of at least three years and was employed by DCPS in the field of Human Resources at the time his application was submitted, DCPS scored Plaintiff as though he had no Human Resources experience whatsoever.  The ranking sheet shows no other basis for not hiring Plaintiff.

31.  On February 25, 2004, Plaintiff filed a discrimination complaint based on gender with the U.S. Equal Employment Opportunity Commission ("EEOC").  The complaint focused on DCPS's failure in 2003 to pay him at the appropriate salary rate and for its failure to hire him for the position of Human Resources Specialist.

32.  On July 5, 2005, the EEOC issued Plaintiff a right-to-sue notice, which he received on July 6, 2005.

33.  Plaintiff was rehired on an expedited basis by DCPS in August 2003 to fill a critical need.  Plaintiff in good faith commenced his new duties for the DCPS without receiving a formal letter of appointment specifying the salary he was to be paid.

34.  In September 2003, Plaintiff sought to have his pay rate adjusted to match his former rate based on the applicable

provisions of Subpart 2.14 of the DPM, Compensation Part 2, Chapter 11B. These regulations were known to him based on his background in Human Resources. DCPS refused to adjust Plaintiff's rate of pay citing lack of funds among other reasons. DCPS did not dispute that it had authority to match his former rate, nor that several female employees were rehired by DCPS and paid at their former rates of pay.

35. Plaintiff asserts that DCPS's action violates the applicable portion of Subpart 2.14 of the DPM, Compensation Part 2, Chapter 11B. Moreover, during this period, DCPS rehired several female employees and paid each of them consistent with their former rates of pay.

36. Despite Plaintiff's request, DCPS continued to refuse to pay him at the proper, higher salary based on his previous rate of pay with DCPS. Based on DCPS's refusal to pay him properly and the tension that this conflict raised in the office, Plaintiff was constructively discharged and resigned his position with DCPS because his working conditions were intolerable and he had no future at DCPS. On October 1, 2003, Plaintiff filed an administrative EEO complaint seeking back pay and other relief.

37. DCPS's failure to treat Plaintiff consistent with the

pay practice applied to similarly situated female employees constitutes a violation of the Equal Pay Act and discrimination against Plaintiff based on his gender/sex (male) in violation of Title VII of the Civil Rights Act of 1964. DCPS's failure to pay Plaintiff at his former rate of pay also violated the applicable pay regulations in the DPM, Compensation Part 2, Chapter 11B.

38. On September 23, 2003, Plaintiff applied for the position with DCPS as a Human Resources Specialist 03-OHR-032A. His application package included his resume and an extensive response to the ranking factors documenting his extensive experience and expertise in the field of Human Resources. Moreover, DCPS and its personnel office were well aware of Plaintiff's Human Resources credentials based on his prior employment. DCPS received his application package before the deadline and reviewed it.

39. Plaintiff was highly qualified for the position, yet inexplicably DCPS failed to grant him an interview for the position. Eventually, Plaintiff learned that a female applicant had been hired for the position.

40. Pursuant to the Freedom of Information Act, Plaintiff obtained a copy of the ratings and rankings for the applicants

11

for this position.  The information included a list of all the applicants who were interviewed.  Plaintiff was familiar with the majority of the applicants to whom interviews were granted.

41.  Plaintiff is much more qualified than any of the applicants to whom DCPS granted interviews.  The rating for Plaintiff on the ranking factors was grossly inconsistent with the qualifications reflected in his application.  Without any justification, he was given a score of 0 out of a possible 5 points for Human Resources experience.  There is no legitimate explanation for this grossly inaccurate score, and DCPS must have intended to misrepresent Plaintiff's qualifications.

42.  DCPS's actions effectively thwarted Plaintiff's opportunity to be hired, despite his superior credentials — especially with respect to Human Resources.  DCPS's actions are motivated by discrimination based on Plaintiff's gender and on reprisal for his filing of the EEO complaint concerning the pay rate issues.

43.  DCPS's non-selection of Plaintiff for the position of Human Resources Specialist in 2003 violates Title VII of the Civil Rights Act of 1964.  DCPS selected a less qualified female applicant.  In addition, DCPS denied Plaintiff this

position in retaliation for his prior EEO complaint. Plaintiff is entitled to back pay, attorney fees, and other relief as requested based on this unlawful discrimination by DCPS.

## CAUSES OF ACTION

### COUNT I

44. DCPS, within the past three years, willfully violated the Equal Pay Act, 29 U.S.C. § 206(d), by paying the male Plaintiff less than female employees for equal work beginning in August 2003. Rather than addressing Plaintiff's concerns, DCPS ignored them, and chose to disparage and ultimately constructively discharge him.

### COUNT II

45. DCPS violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., by paying the male Plaintiff less than female employees for the same work because of his gender/sex during August-September 2003. Rather than addressing Mr. Henderson's concerns, DCPS ignored them, and chose to disparage and ultimately constructively discharge him.

### COUNT III

46. DCPS violated the Civil Rights Act of 1964, 42 U.S.C.

13

§ 2000e, <u>et seq</u>., by selecting a less qualified female applicant for the position of Human Resources Specialist in October 2003 instead of the better qualified male Plaintiff because of his gender/sex.

**COUNT IV**

47.  DCPS violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq</u>., by not selecting Plaintiff for the position of Human Resources Specialist in October 2003 in retaliation for his prior complaint of discrimination to the Equal Employment Opportunity Commission.

**<u>Relief Requested</u>**

48.  Plaintiff seeks the following relief:

a.   Placement into the position of Human Resources Specialist, EG-0201-12, as advertised in Vacancy Announcement 03-OHR-032A, salary range $45,629 to $58,770, retroactive to October 2003, with full back pay and benefits to the date of decision;

b.   Back pay and benefits at his highest previous rate for the period of August 25, 2003 - June 28, 2004;

c.   Maximum compensatory damages to which Plaintiff is entitled by law;

14

d.     Liquidated damages based on violations of the Equal Pay Act;

e.     The costs and expenses of this action, including but not limited to reasonable attorney fees at prevailing market (<u>Laffey</u>) rates;

f.     All appropriate record correction in conformance with Plaintiff's retroactive appointment;

g.     Such other relief as the Court deems just and appropriate.

### Jury Demand

49. Plaintiff requests a trial by jury on all issues that are triable by jury.

*Joseph D. Gebhardt*
JOSEPH D. GEBHARDT
    (DC Bar No. 113894)
MYRREL C. HENDRICKS, JR.
    (DC Bar No. 291781)
CHARLES W. DAY, JR.
    (DC Bar No. 459820)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

March 23, 2006           Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing First Amended

Complaint was served this 23rd day of March, 2006, via hand

delivery, upon Defendants and their counsel as follows:

>        Hon. Anthony A. Williams
>        Mayor, District of Columbia
>        C/O Designee Tabitha Braxton
>        Office of the Secretary
>        John A. Wilson Building
>        1350 Pennsylvania Ave., N.W., Suite 410
>        Washington, DC 20004
>
>        Hon. Robert J. Spagnoletti
>        Attorney General, District of Columbia
>        C/O Designee Darlene Fields
>        Office of the Attorney General
>        Civil Litigation Division
>        441 4th Street, N.W., Room 600-South
>        Washington, DC 20001

>        _Myrrel C. Hendricks Jr._
>        MYRREL C. HENDRICKS, JR.

16