UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY D. HENDERSON,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-CV-1966 (RWR) |
| **ANTHONY A. WILLIAMS, et al.,** | : |
| Defendants. | : |

**DEFENDANTS' PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Mayor Anthony Williams and the District of Columbia, by and through undersigned counsel, hereby move this Court to dismiss the plaintiff's first amended complaint against Mayor Williams and his entire Title VII claim. A Memorandum of Points and Authorities in support of this Motion is attached hereto. Because this is a dispositive motion, the defendants are not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

In light of the relief requested herein, the defendants also seek leave for additional time to file an Answer to the plaintiff's Equal Pay Act claim. The defendants would respectfully request that they be given twenty (20) days after the Court issues an Order on the instant motion to submit an Answer regarding the plaintiff's Equal Pay Act claim.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

1

*/s/ Holly M. Johnson /s/*
HOLLY M. JOHNSON [476331]
Section Chief
General Litigation Section III

*/s/ Dana K. DeLorenzo /s/*
Dana K. DeLorenzo [468306]
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
Dana.delorenzo@dc.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY D. HENDERSON,** : | |
| : | |
|     **Plaintiff,** : | |
| : | |
|     v. : | **Civil Action No. 05-CV-1966 (RWR)** |
| : | |
| : | |
| **ANTHONY A. WILLIAMS, et al.,** : | |
| : | |
|     **Defendants.** : | |
| : | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
DEFENDANTS' PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Mayor Anthony Williams and the District of Columbia, by and through undersigned counsel, hereby move this Court to dismiss the plaintiff's first amended complaint against the Mayor and his entire Title VII claim because: 1) a suit against the Mayor in his official capacity is equivalent to a suit against the District; 2) the plaintiff did not timely file his Title VII claim against the District; 3) the first amended complaint's Title VII claim does not relate back to the original complaint.

*Background*

On October 4, 2005, Plaintiff filed the original complaint against the District of Columbia Public Schools ("DCPS"). The original complaint named only DCPS as the defendant. The original complaint alleged, among other things, that DCPS violated the Equal Pay Act and the Civil Rights Act, because "Plaintiff was subjected to disparate treatment, unequal terms of employment, and failure to promote based on general discrimination and retaliation." Complaint at ¶ 1. On November 28, 2005, the plaintiff purported to serve DCPS by serving the Office of General Counsel.

3

On March 23, 2006, the plaintiff filed the first amended complaint. The first amended complaint lists four separate counts. However, these counts can be consolidated to two claims. The first is a claim of gender discrimination under the Equal Pay Act. The second is a claim of gender discrimination pursuant to the Civil Rights Act of 1964 ("Title VII").

Notably, the facts in the first amended complaint are identical to the first complaint; however, the first amended complaint eliminated DCPS as a defendant and, instead, named Mayor Anthony Williams and the District of Columbia as defendants. Upon information and belief, the designees for the Mayor and the Office of the Attorney were personally served on March 27, 2006.

*Argument*

I. THE PLAINTIFF'S SUIT AGAINST THE MAYOR IN HIS OFFICIAL CAPACITY IS DUPLICATIVE OF A SUIT AGAINST THE DISTRICT.

The first amended complaint clearly states that the suit against Mayor Williams is "in his official capacity only." Complaint at ¶ 1. A suit against Mayor Williams in his official capacity is equivalent to a suit against the District itself. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted) ("When sued in their official capacities, government officials are not personally liable for damages … A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself."). Since the plaintiff has already named the District as a defendant, the case against Mayor Williams should be dismissed with prejudice.

## II.     THE PLAINTIFF DID NOT TIMELY FILE HIS TITLE VII CLAIM AGAINST THE DISTRICT.

42 U.S.C. § 2000e-5(f)(1) requires a plaintiff to file a Title VII action within 90 days of the receipt of a "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC").[1]  In this case, the plaintiff admits in the first amended complaint that she received the right to sue letter on July 6, 2005. (Amended Complaint at ¶ 32.)  Therefore, the plaintiff had to file her Title VII claim, within 90 days or no later than October 4, 2005.

The plaintiff filed the original complaint on October 4, 2005.  However, this complaint named only the District of Columbia Public Schools as a defendant.  Moreover, only General Counsel for the District of Columbia Public Schools was served with a copy of the original Complaint.  The District was not served, by the plaintiff's own documentation, until March 27, 2006.  As the plaintiff did not properly file his complaint against the District within 90 days of receiving his "Right to Sue" letter, his Title VII claim must be dismissed.

---

[1] The relevant portion of this statutory section reads:
> If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

### III. THE PLAINTIFF'S TITLE VII CLAIM AGAINST THE DISTRICT CANNOT RELATE BACK TO THE ORIGINAL COMPLAINT AND MUST BE DISMISSED.

The plaintiff's first amended complaint against the District cannot relate back to the original complaint filed against DCPS because it does not comport with the requirements of F.R.C.P. 15(c) and relevant case law. F.R.C.P. 15(c) reads:

> An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

For the purposes of this argument, the District concedes that the claim in the first amended complaint arises out of the same conduct as alleged in the original complaint. However, it is clear that the first amended complaint changed the party against whom a claim is asserted, such that the standard in F.R.C.P. 15(c)(3) is triggered. Moreover, the District did not receive timely notice of this case. In the absence of proper service or any constructive notice, the Mayor or the District did not know, nor could they have known, that they would have been made a party absent the plaintiff's mistake. Therefore, the Court should grant the District's Motion as to the Title VII claim.

>   a.  The Amended Complaint Changed the Party Against Whom the Claim Was Asserted.

In the first amended complaint, the plaintiff claims that it "substitutes the above-named Defendants in place [of] DCPS, which was previously named as the Defendant." Complaint at ¶ 1. However, this statement lacks any legal support. The first amended complaint, in fact, *changes* the name of the party against whom the claim is asserted, from DCPS to the District of Columbia. *See Arrington v. District of Columbia,* 673 A.2d 674, 680 (D.C. 1996) (concluding that the plaintiff's decision to amend the complaint to name the District, instead of formerly named D.C. General Hospital, is a change in party under SCR-Civil 15(c)). This distinction is significant and requires application of the standard of F.R.C.P. 15(c)(3).

A review of relevant Supreme Court and District of Columbia cases is helpful to this analysis. In *Schiavone v. Fortune, a.k.a. Time, Inc.,* 477 U.S. 21 (1986), the plaintiffs originally sued "'Fortune' without embellishment" as the defendant in their libel cases. *Id.* at 23. Two months later, the plaintiffs amended their respective complaints to name "Fortune, also known as Time, Incorporated." *Id.* Time moved to dismiss these amended complaints and the district court granted those motions because of the expiration of the statute of limitations under New Jersey state law. *Id.* at 24. The United States Court of Appeals for the Third Circuit affirmed the district court's orders. *Id.* at 25. The United States Supreme Court addressed the issue of "whether Time was sufficiently named as the defendant in the original complaints so that the service that was attempted after the 1-year period but within the time allowed for service was effective" and hence, whether the amended complaint related back to the original complaint. *Id.*

Notably, the Supreme Court was confounded by the fact that "Time was not named specifically as the defendant in the caption and in the body of each complaint. This was not a situation where the ascertainment of the defendant's identity was difficult for the plaintiffs. An

7

examination of the magazine's masthead clearly would have revealed the corporate entity responsible for the publication." *Id.* at 28. Ultimately, however, the Court relied on the lack of timely notice to Time in upholding the lower court's decision.[2]

In *Arrington v. District of Columbia,* 673 A.2d 674, 680 (D.C. 1996), the District of Columbia Court of Appeals had an opportunity to consider a case where the plaintiff named D.C. General Hospital in the original complaint, then subsequently amended the complaint to name only the District. Relying on the Supreme Court's analysis in *Schiavone*, the *Arrington* Court summarily distinguished D.C. General Hospital from the District:

> D.C. General Hospital is a single health care facility located in southeast Washington, D.C. The District of Columbia, on the other hand, is a municipal corporation which employs tens of thousands of persons and operates numerous offices and facilities which are scattered over a wide area. If, as the Supreme Court held in *Schiavone,* Time, Inc., which published Fortune magazine, was a different … party from Fortune, a subdivision of Time, Inc., then *a fortiori,* the District is a new party in this case, for the contrast between the hospital and the District is far more pronounced than the corresponding difference in *Schiavone.* … Indeed, the Commission has the power, independently of the District, to sue and to be sued in its official capacity … Fortune, on the other hand, is a subdivision of Time, Inc., and has no existence independent of the corporation which controls it.

*Id.* at 680.

An examination of the *Arrington* plaintiff's intent was also instructive: "Ms. Arrington's original complaint reveals that she initially intended to sue D.C. General, not the District, and filing suit against the … first is not the same thing as suing the second." Taken together, the *Arrington* Court concluded "that the amended complaint, which named the District as the defendant for the first time in this case, changed the party within the meaning of former Rule 15 (c)." *Id.* at 680.

---

[2] In 1991, F.R.C.P. 15(c) was specifically amended to address the notice problem created by the *Schiavone* court. For these reasons, the District will not address the *Schiavone* court's analysis of this issue, *see* part III(b) *infra,* and will only rely on the amended and current version of F.R.C.P. 15(c).

Here, a similar analysis should be applied. As a practical matter, DCPS or the Board of Education (which runs DCPS) is located at an entirely different address than the Mayor or the District. DCPS and the Board of Education are located at 825 North Capitol Street, NE, in Washington, DC (although on different floors).[3] The Office of the Mayor is at the John Q. Wilson building, which is located at 1350 Pennsylvania Avenue, NW.[4]

Moreover, it is clear that the plaintiff did not simply make a mistake by naming the wrong party, DCPS, but serving the Mayor or the District. In fact, it is evident that the plaintiff made no attempt to serve the Mayor or the District. Rather, he only served the Office of General Counsel for DCPS. This demonstrates his intention to sue only DCPS, not the District. Therefore, the plaintiff's decision to name DCPS, instead of the District, is clearly not a misnomer. *See Arrington*, 673 A.2d at 675 n.5 (internal citations omitted) ("A misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect."). Accordingly, because the first amended complaint completely changed the party named as a defendant, the Court should apply the standard set forth in F.R.C.P. 15(c)(3).

> b. The Amended Complaint Cannot Relate Back Because the District Did Not Have Notice of this Case within the Time Frame Prescribed in Rule 4(m) and Will Be Prejudiced if it Has to Maintain a Defense on the Merits.

Pursuant to F.R.C.P. 15(c)(3), the plaintiff has to demonstrate that, "within the period provided by Rule 4(m) for service of the summons and the complaint," the District "received such notice" and "knew or should have known that, but for a mistake concerning the identity of the proper party," the action would have been brought against the District. The plaintiff cannot satisfy either criterion.

---

[3] *See* http://www.k12.dc.us/dcps/contacting_us/contoffice.html.
[4] *See* http://dc.gov/mayor/index.shtm.

Notably, the plaintiff cannot show that the District "received [timely] notice of the institution of the action..." F.R.C.P. 15(c)(3)(A). F.R.C.P. 4(m) requires a plaintiff to serve a defendant "within 120 days of filing the complaint." In this case, because the plaintiff filed his case on October 4, 2005, the 120-day limit expired on February 1, 2006. Here, by the plaintiff's own admission, the Mayor and the District were not served until March 27, 2006, almost 2 months after that deadline.

In *Arrington*, the Court considered how the plaintiff purportedly gave notice to the defendant D.C. General Hospital in its analysis. The Arrington plaintiff, on the same date as the complaint was filed, "mailed copies of the summons and complaint to [D.C. General Hospital] at its street address, but made no attempt to serve the District in the manner prescribed by law." 673 A.2d at 678. In that case, it appeared undisputed that the District itself was not sued or served within the limitations period. *Id.* at 678-89. Due to the District's lack of notice, the *Arrington* court concluded that the plaintiff's amended complaint did not relate back to the original complaint and was thus precluded by the statute of limitations:

> The District had received no notice of the suit prior to the expiration of the limitations period. Mailing of the summons and complaint to a hospital at an intersection in southeast Washington, D.C. provided the District with no more notice than would have been effected by serving a clerk at the Department of Sanitation or a police officer at the Fourth District. That is not sufficient.

*Id.* at 681.

The same analysis should be applied to the instant case. The plaintiff's own proof of service indicates that the Office of General Counsel for DCPS was the only entity that was served within the 120-day time period. Moreover, plaintiff's service on that office does not satisfy the requirements of F.R.C.P. 4(j)(2), which describes the proper manner of service of process on the District:

10

> …Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon such defendant.

The Office of General Counsel it is not an authorized designee for service on the Mayor or the District. The Mayor has designated Tabatha Braxton and/or Gladys Herring to accept service of process on his behalf. November 9, 2005 Memorandum Regarding Designation of Staff to Handle/Accept Legal Correspondence, attached hereto as Exhibit A. The plaintiff cannot claim that he properly served the District or the Mayor when he served the Office of General Counsel for DCPS. Moreover, because this office is not authorized to accept service for the District or the Mayor, this is akin to the *Arrington* court's comments regarding service on a sanitation clerk or a 4D police officer. Simply, none of these procedures is "sufficient" under the rules.

Therefore, in the absence of proper service, there is no way that the District had notice of the instant case. The District would be greatly prejudiced if the Court permits the first amended complaint to relate back. The District, as with any defendant, is entitled to the protections provided by the applicable statute of limitations. The purpose of a limitation on actions is to protect a defendant from having to litigate "stale" claims. The Supreme Court has held that, "[s]tatutes of limitations … in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of RailRoad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944); *see also Fox-Greenwald Sheet Metal Co. v. Markowitz Bros., Inc.*, 452 F.2d 1346, 1356 (D.C. Cir. 1971) ("Statutes of limitation are statutes of repose; their purpose is to quiet stale controversies, the evidence as to which may be eroded by time."); *Poole v. Terminix Co. of Maryland & Washington, Inc.*, 200 F.2d 746, 747 (D.C.

Cir. 1952) ("purpose of statutes of limitation [is] to bring repose and to bar efforts to enforce stale claims as to which evidence might be lost or destroyed.").

Significantly, the plaintiff named only DCPS in the original complaint and only served the Office of General Counsel for DCPS.[5]  Therefore, the plaintiff's first amended complaint cannot satisfy the criteria of F.R.C.P. 15(c) and the first amended complaint cannot relate back. Therefore, the plaintiff's Title VII claim should be dismissed.

WHEREFORE, the defendants respectfully request that the Court dismiss the first amended Complaint against the Mayor in its entirety and dismiss the Title VII claim against the District.  The defendants also request that they be given leave to file an Answer to the plaintiff's Equal Pay Act claim twenty days after the Court issued an Order on the instant motion.

                                      Respectfully submitted,

                                      ROBERT J. SPAGNOLETTI
                                      Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General
                                      Civil Litigation Division

                                      */s/ Holly M. Johnson /s/*
                                      HOLLY M. JOHNSON [476331]
                                      Section Chief
                                      General Litigation Section III

                                      */s/ Dana K. DeLorenzo /s/*
                                      Dana K. DeLorenzo [468306]
                                      Assistant Attorney General
                                      441 4th Street, N.W., 6S61
                                      Washington, D.C. 20001
                                      (202) 724-6515
                                      (202) 727-3625 (fax)
                                      Dana.delorenzo@dc.gov

---

[5] The District does not concede that service on the Office of General Counsel is proper service on DCPS, particularly since DCPS is not *sui juris*.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY D. HENDERSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-CV-1966 (RWR) |
| ANTHONY A. WILLIAMS, et al., | : |
| Defendants. | : |

**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Upon consideration of the Defendants' Partial Motion to Dismiss First Amended Complaint, any opposition thereto, and the record herein, it is by the Court this _____ day of _____, 2006,

ORDERED:   that the Motion is GRANTED; and it is

FURTHER ORDERED:   that the case against Mayor Williams is HEREBY DISMISSED WITH PREJUDICE; and it is

FURTHER ORDERED:   that the plaintiff's Title VII claim against the District of Columbia is HEREBY DISMISSED WITH PREJUDICE; and it is

FURTHER ORDERED:   that the District shall have until _____ to file its Answer to the plaintiff's Equal Pay Act claim.

_____
Judge Richard W. Roberts