## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY D. HENDERSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-01966 (RWR) |
| | ) |
| ANTHONY A. WILLIAMS | ) |
| MAYOR, DISTRICT OF COLUMBIA | ) |
| | ) |
| and | ) |
| | ) |
| DISTRICT OF COLUMBIA | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff Anthony H. Henderson, by and through undersigned counsel, hereby opposes Defendant's Partial Motion to Dismiss First Amended Complaint and Plaintiff's entire Title VII claim. A Memorandum of Points and Authorities in support of this Opposition is attached.

Respectfully submitted,


      /s/
_____
JOSEPH D. GEBHARDT
    (DC Bar No. 113894)
MYRREL C. HENDRICKS, JR.
    (DC Bar No. 291781)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400


May 16, 2006                    Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
ANTHONY D. HENDERSON          )
                              )
          Plaintiff,          )
                              )
          v.                  ) Civil Action No. 05-01966 (RWR)
                              )
ANTHONY A. WILLIAMS           )
MAYOR, DISTRICT OF COLUMBIA   )
                              )
      and                     )
                              )
DISTRICT OF COLUMBIA          )
                              )
          Defendants.         )
_____)
```

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff Anthony H. Henderson, by and through undersigned counsel, hereby requests this Court to deny Defendant's Partial Motion to Dismiss First Amended Complaint and entire Title VII claim because:

1) Plaintiff's original claim was timely filed,

2) the first amended complaint's Title VII claim relates back to the original complaint, and

3) the interests of justice and equity require Plaintiff to be permitted to amend his original complaint.

3

## STATEMENT OF FACTS

Following a lengthy EEO process regarding an employment discrimination dispute with his employer, the District of Columbia Public Schools ("DCPS"), Plaintiff received a "Right to Sue" Letter on July 6, 2005. See Exhibit 1, Declaration of Myrrel C. Hendricks, Attachment 1. Following the instructions in the "Right to Sue" Letter, Plaintiff timely filed his original complaint against DCPS, the only named party in all of the prior EEO proceedings, on October 4, 2005. In his complaint, Plaintiff alleged that DCPS violated the Equal Pay Act and Title VII of the Civil Rights Act through disparate treatment, applying unequal terms of employment, and failing to promote Plaintiff, all as a result of gender discrimination and retaliation. Complaint at ¶ 1. Plaintiff timely served Defendant with the original Complaint on November 28, 2005. See Exhibit 2, Declaration of Mark A. Dann, at ¶ 4. The Complaint was served on Rhonda Johnson in DCPS's General Counsel's Office, who received the Complaint, stamped it, and accepted service. Plaintiff's counsel verified with DCPS General Counsel's Office on December 15, 2005, that it had indeed received and accepted the Complaint, and that it had been assigned to DCPS General Counsel attorney Harriet Seger. Plaintiff's counsel never heard

4

from Ms. Seger, or any other attorney at DCPS. <u>See</u> Exhibit 1, Decl. of Myrrel C. Hendricks, at ¶ 7.

On January 24, 2006, Plaintiff's counsel received a telephone call from Dana DeLorenzo, Assistant Attorney General for the District of Columbia. <u>Id.</u> at ¶ 8. In the conversation, Ms. DeLorenzo stated that she had received a copy of the original Complaint. <u>Id.</u> at ¶ 9. She recommended that Plaintiff's counsel re-caption the case to reflect the District of Columbia as Defendant rather than DCPS, which was a non-suable entity. <u>Id.</u> at ¶ 10. She stated that by doing so, Defendants would not file a motion to dismiss. <u>Id.</u> The entire conversation, which lasted approximately five minutes, included a brief discussion of the employment discrimination issues contained in Plaintiff's original Complaint. <u>Id.</u> at ¶ 13-14.

After researching applicable District of Columbia law, Plaintiff's counsel prepared an identical Complaint replacing DCPS with the District of Columbia and Mayor Anthony A. Williams as Defendants, and served it on the Attorney General's Office and the Mayor's Office on March 27, 2006. <u>Id.</u> at ¶ 15-16.

**ARGUMENT**

I.  **PLAINTIFF TIMELY FILED HIS TITLE VII CLAIM IN ACCORDANCE WITH EEOC INSTRUCTIONS.**

42 U.S.C. § 2000e-5(f)(1) requires a plaintiff to file a Title VII action within 90 days of the receipt of a "right to sue" letter from the Equal Employment Opportunity Commission (EEOC). Plaintiff received his "Right to Sue" letter on July 6, 2005. As Defendant states in its Partial Motion to Dismiss Amended Complaint, "Plaintiff had to file her [sic] Title VII claim, within 90 days or no later than October 4, 2005. The plaintiff filed the original complaint on October 4, 2005." Def. Mot. to Dismiss, at 13. As Defendant points out, Plaintiff did file a complaint within the period of time allotted by statute for the filing of Title VII actions.

Defendant disingenuously contends that the filing of the amended complaint was untimely because the District of Columbia was not officially served with a copy of the original Complaint until March 27, 2006. However, Plaintiff did file and serve his Title VII claim timely against the party he was instructed to file against in the "Right to Sue" letter he received on July 5, 2005. That letter referred to the "Dismissal and Notice of Rights" document (EEOC Form 161), which was attached to the

6

letter.  Under the section entitled "Notice of Suit of Rights,"
the official document explains to EEO complainants that they
"may file a [Title VII] lawsuit **against the respondent(s)** under
federal law based on this charge in federal or state
court." EEOC Form 161 (emphasis added). The Notice of Suit of
Rights refers complainants to another enclosure, "Information
Related to Filing Suit Under the Laws Enforced by the EEOC,"
which further clarifies: "In order to pursue this matter
further, you must file a lawsuit **against the respondent(s) named**
**in the charge** within 90 days of the date you receive this
notice."[1]

The respondent named in every EEO document within the
Plaintiff's EEO charge is the District of Columbia Public
Schools. <u>See</u> Filed Complaint to DCPS EEO (October 1, 2003),
Filed Complaint to EEOC (February 25, 2004), FOIA Request to
DCPS (April 29, 2004), Charge of Discrimination by the D.C.
Office of Human Rights and the EEOC (May 20, 2004).  On the
"Right to Sue" letter discussed above, the case is captioned as

_____

[1]Identical language appears in Title VII: "[A] civil action
may be brought against the respondent named in the charge (A)
by the person claiming to be aggrieved." 42 U.S.C. § 2000e-
5(f)(1).

"*Henderson v. District of Columbia Public Schools.*" <u>See</u> Exhibit 1, Attachment 1. In all of these documents, the respondent DCPS's address is listed as "825 North Capitol St. NE, Washington, DC 20002." From the EEOC's own instructions, it is not only reasonable, but <u>required</u> for Plaintiff to have filed his civil suit with the named respondent in the EEO charge—in this case, that respondent has always been DCPS. Not once during the entire 21-month EEO process was Plaintiff informed by the Respondent, the District of Columbia, or anyone else that the proper named party for a civil suit would be the District of Columbia, rather than the actual named respondent, DCPS. Accordingly, Plaintiff filed his complaint within 90 days and served it upon DCPS within the statute of limitations period. Therefore, Plaintiff's Title VII was timely filed and served, and Defendant's Motion must be denied.

II.  <u>PLAINTIFF'S TITLE VII CLAIM AGAINST THE DISTRICT SHOULD NOT BE DISMISSED BECAUSE IT RELATES BACK TO THE ORIGINAL COMPLAINT.</u>

Plaintiff's amendment of the original complaint to substitute "District of Columbia" for "District of Columbia Public Schools" clearly does relate back to the original complaint because:

1) the amendment did not name a new party but merely corrected a simple misnomer, and, in the alternative,

2) Defendant has failed to demonstrate the lack of notice and prejudice requirements that are enumerated in Fed. R. Civ. Proc. 15(c)(3).

A. <u>Plaintiff's Amended Complaint Does Not Change the Party</u>.

In determining whether an amended pleading relates back to the original complaint under Fed. R. Civ. Proc. 15(c), the Court must first decide whether the amendment "changed the party." <u>Arrington v. District of Columbia</u>, 673 A.2d 674, 679 (D.C. 1996). If instead, in the original complaint, the correct party was properly sued but incorrectly named—then the amendment relates back, and no further inquiry is required. <u>Id.</u> "A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—*unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were.*" <u>Zuurbier v. MedStar Health Inc.</u>, 2006 D.C. App. LEXIS 149 *13 (D.C. 2006) (emphasis in original) (quoting <u>Rendall-Speranza v. Nassim</u>, 197 F.3d 913, 918 (D.C. Cir. 1997)). Plaintiff submits that by filing a Title VII complaint against District

of Columbia Public Schools, consistent with the terms of the
"Right to Sue" Letter, it merely misnamed the proper party to
be sued.  The District of Columbia should not be permitted to
escape the merits of these serious Title VII claims as the
beneficiary of a "mere slip of the pen, as it were." <u>Id.</u>

In <u>Zuurbier</u>, the Plaintiff filed a violation of the
District of Columbia Human Rights Act involving sex
discrimination at her workplace. 2006 D.C. App. LEXIS 149 at
*1. Her original complaint was filed against MedStar Health,
Inc., and Defendant moved to dismiss the case because Plaintiff
had named a subsidiary rather than the actual employers, the
very similarly titled "MedStar Georgetown Medical Center, Inc.
and MedStar Georgetown Medical Center Limited Liability
Company." <u>See</u> <u>id.</u> at *2-*3. The Court held that the amended
pleading simply corrected a misnamed party and that the
amendment did relate back to the original complaint and was
timely filed. <u>See</u> <u>id.</u> at *14.  In reaching this conclusion, the
Court first recognized the purpose of the "relation back" rules:
"Relation back is designed to foster the resolution of disputes
on their merits rather than on the basis of pleading
technicalities." <u>Id.</u> at *8 (citation omitted). "Accordingly,
Rule 15(c) is to be liberally construed." <u>Id.</u> (citation

10

omitted).  The Court reasoned that since MedStar Health, Inc. was a subsidiary of the two unnamed parties, and that the three all shared similar names and function, it was apparent that a simple mistake had been made in naming MedStar as the employer and that the intent at all times was to sue the actual employers, the owners of the subsidiary.  See id. at *10.

The Court's rationale in Zuurbier applies directly to the facts in the instant case, especially since the "Right to Sue" Letter instructed Plaintiff to sue the Respondent named in the administrative case—DCPS.  Plaintiff intended at all times to sue his actual employer for employment discrimination under Title VII, the D.C. Human Rights Act, and the Equal Pay Act. Throughout a lengthy administrative process in all of his prior EEO filings, the District of Columbia Public Schools was named as Respondent. The identity of the alleged wrongdoers in this civil action is the same as it was in the administrative process.  Defendant cannot be allowed to evade the merits on this hypertechnical construction of the complaint.

The District of Columbia, through its mayor and its citizens, elects or appoints all members of the Board of Education, which oversees DCPS. See "D.C. Board of Education" at http://www.k12.dc.us/dcps/boe/ boehome.html.  All DCPS

11

employees are employees of the District of Columbia Government. Both parties have the words "District of Columbia" in their name. It was not unreasonable for Plaintiff to assume that suing the District of Columbia Public Schools was essentially equivalent to suing the District of Columbia. Furthermore, in the context of his EEO claim, this Plaintiff was instructed by the "Right to Sue" Letter to sue the named Respondent from his EEO case, which was DCPS. <u>See</u> Section I *supra*.

Defendant circularly argues that the act of serving DCPS's General Counsel somehow demonstrates his intent to only sue DCPS and not the District of Columbia. To support this faulty reasoning, the Defendant curiously asserts only that the DCPS General Counsel's office and the Mayor's Office are at different addresses. Defendant ignores the fact that there are several District of Columbia Government offices at several different addresses throughout the District of Columbia. There are even several other Government agencies and offices within the very building where DCPS is located, 825 North Capitol St. NE.[2]

---

[2] Defendant also ignores the fact that Plaintiff's Counsel were explicitly informed by DCPS General Counsel they could and would accept service of the original Complaint on behalf of DCPS. Exhibit 2, at ¶ 3.

The misnomer exception was further perpetuated by the actions of the Defendant and DCPS itself. Upon service of the original complaint to General Counsel at DCPS, which accepted service, DCPS informed Plaintiff's counsel by telephone that the Complaint had been accepted and the case assigned to a DCPS attorney, one Harriet Segar. See Exhibit 2, at ¶ 6. After never having heard from Ms. Seger or any other attorney from DCPS, Plaintiff's counsel received a telephone call on January 24, 2006 from D.C. Assistant Attorney General Dana DeLorenzo to discuss the proper filing of the case. Id. at ¶ 7-8. It is obvious that the case had at some point been forwarded from DCPS General Counsel's office to the Attorney General's office. From these actions, it is clear that Plaintiff not only intended to serve the District of Columbia when he served his original Complaint on DCPS, but that the Defendant received the original Complaint anyway, regardless of which party was named in the caption. Plaintiff's intent and the practical result of the ensuing actions combine to render Defendant's Motion to Dismiss entirely fallacious.

Since the Plaintiff did not change the party, but only the name of the party, the misnomer exception should apply in this case. Plaintiff's amended complaint should relate back to his

original complaint. The Court need not even reach the inquiry in Fed. R. Civ. Proc. 15(c)(3).

B. <u>Even If Plaintiff's Amended Complaint Did Change the Party, It Should Still Relate Back to the Original Complaint Because the Defendant Had Notice of This Case and Would Not Be Prejudiced If It Has to Maintain a Defense on the Merits.</u>

Assuming, in the alternative, that this Court believes that Plaintiff's amendment of the complaint was not correcting a misnomer but rather a change of party, Defendant's assertions still fail based on the four-part inquiry in Fed. R. Civ. Proc. 15(c)(3). For the amended complaint involving a changed party to relate back, the amendment must satisfy four factors:

1) the basic claim must have arisen out of the conduct set forth in the original pleading;

2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense;

3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and

4) the second and third requirements must have been fulfilled within the prescribed limitations period.

14

See Arrington, 673 A.2d at 679-80.

As Defendant concedes, the amended complaint did arise out of the same conduct, transaction, or occurrence set forth in the original pleading. Def. Partial Mot. to Dismiss at 6. In fact, the two complaints are identical except for the captions. Cf. Complaint at 1, to Amended Complaint at 1.

The Defendant had received notice of Plaintiff's claim within the 120-day statutory limitation. Defendant points out that the 120-day deadline to serve notice was on February 1, 2006. Def. Partial Mot. to Dismiss at 10. Conceding that the Mayor and the Attorney General were not formally served with the amended complaint until after February 1, 2006, Defendant was fully aware of Plaintiff's original complaint. It is undisputed that Defendant's counsel at the Attorney General's office, Dana DeLorenzo, contacted Plaintiff's counsel, Myrrel Hendricks, via telephone on January 24, 2006, eight days prior to the service deadline. Exhibit 1 at ¶ 8. Ms. DeLorenzo informed Mr. Hendricks that "she had a copy of [the] Title VII complaint in front of her" during their telephone conversation. Exhibit 1, at ¶ 9. She informed Mr. Hendricks that the caption of the case should be changed because DCPS was not a suable entity and that he ought

15

to amend the complaint to reflect the District of Columbia as Defendant. Id.

The central inquiry for notice and prejudice in relation back is "to determine whether the adverse party, viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of conduct, transaction, or occurrence set forth in the original pleading might be called into question." Wagner v. Georgetown Univ. Med. Ctr., 768 A.2d 546. Unlike in Arrington, 673 A.2d at 679-80, where the District had received no notice of the suit prior to the statute of limitations expiring, the Defendant here clearly did receive actual notice of the original complaint as evidenced by Defendant's counsel's January 24, 2006 telephone call discussing the contents of the complaint with Plaintiff's counsel. Defendant states that "in absence of proper service, there is no way that the District had notice of the instant case." Def. Partial Mot. to Dismiss, at 11. This is simply false. Defendant not only had notice of the complaint, Defendant called up Plaintiff's attorney to discuss the very complaint in question. There is no doubt that Ms. DeLorenzo understood the nature of the Plaintiff's employment

16

discrimination claims and that the District of Columbia would have to defend the case.

Furthermore, it would be fatal to Plaintiff's own interests to file the suit against an improper party. Parker v. District of Columbia is a Title VII employment discrimination case in federal court that is directly on point with the instant case. 2002 U.S. Dist. LEXIS 26663 (D.C. Cir. 2002). In Parker, the Defendant agency, District of Columbia Commission on Mental Health Services, contended that it could not be sued as an entity separate from the District of Columbia. Id. at *129. The employee, recognizing that the agency was not the proper party, sought to substitute the District of Columbia for the agency. Id. The Court first held that the substitution was warranted in the absence of any undue delay or bad faith on the part of the employee, and the substitution was not futile since it corrected an otherwise fatal defect in the complaint. Id. at *3-4. Also, the amendment related back to the date of the original complaint since there was no prejudice in view of the agency's admission that it knew the District of Columbia was the intended defendant. Id. at *5. In an identical situation to Parker, Plaintiff here seeks to have the District of Columbia answer for the same actions of DCPS in the original Complaint.

17

Defendant has failed to even allege, much less prove, any undue delay or bad faith on the part of Plaintiff. Certainly, the substitution here is not futile because it corrects an otherwise fatal defect in the complaint.  Since the Defendant's counsel demonstrated no prejudice, and even requested that Plaintiff's attorney file the complaint against Defendant, the complaint must be viewed as relating back under applicable precedents.[3]

Defendant fails to elaborate with any actual facts or concrete evidence how it could conceivably be prejudiced by having the caption of the original complaint changed after the deadline for serving notice. Defendant only speaks broadly on the purposes of statutes of limitations in general, stating that the rules are in place to prevent "stale" claims or claims that

---

[3] In <u>Zuurbier</u>, the Court determined that the miscaptioned case was not a strategic move on Plaintiff's part, but merely that "her attorneys were operating under a mistake of fact as to the identity of the MedStar entity that was operating Georgetown University Hospital." 2006 D.C. App. LEXIS 149 at *11. Similarly here, Plaintiff's attorneys were operating under a mistake of fact as to the identity of the proper Government entity that operated the offices in which Plaintiff worked. It is clear in light of Defense counsel's knowledge and possession of the original complaint that it should have known that, but for a mistake concerning identity, the action would have been brought against the District of Columbia. Upon understanding his captioning error in the original Complaint, Plaintiff filed a properly captioned Complaint and served it on the designated officials set forth in Fed. R. Civ. Proc. 4(j)(2) and, specifically, D.C. Sup. Ct. R. Civ. Proc. 4(j)(1).

have "slumbered" until evidence has been lost. See Def. Partial
Mot. to Dismiss at 11. Defendant provides no proof that any
evidence has been lost, memories have faded, or witnesses have
disappeared. Defendant has failed to demonstrate how the lack
of properly captioned notice caused any prejudice in the
preparation of its defense.

Moreover, Defendant is concurrently moving to further delay
proceedings by 20 days by postponing its answer to Plaintiff's
Equal Pay Act claim. See Def. Partial Mot. to Dismiss First
Amended Complaint, at 1. It is unreasonable for Defendant to
claim prejudice for an unreasonable delay or lack of freshness
of the amended complaint when Defendant is requesting its own
delay in answering the remaining portions of Plaintiff's
complaint. Therefore, having received notice of the original
complaint within the statutory time limits,[4] and having failed
to proffer any evidence of actual prejudice, and since the
Defendant knew or should have known that the lawsuit would have
eventually have been filed against it, Defendant fails to meet

---

[4] Defendant is estopped from any credible claim of
prejudice since the D.C. Office of the Attorney General had
actual knowledge of the claims in the form of the original
complaint, by January 24, 2006 at the latest. See Section II.B
supra.

the standards of Fed. R. Civ. Proc. 15(c)(3). Accordingly, Plaintiff's amended complaint must be permitted to relate back to his original complaint.


III.      THE INTERESTS OF JUSTICE AND EQUITY SHOULD PERMIT PERMIT PLAINTIFF TO AMEND HIS ORIGINAL COMPLAINT.

Defendant's invocation of Fed. R. Civ. Proc. 15 to block Plaintiff's complaint is a gross and overly technical manipulation of the rule that goes against justice, equity and the original purposes of the rule itself.  Pursuant to Fed. R. of Civ. Proc. 15(a), leave to amend a complaint "shall be freely given when justice so requires." See also Davis v. Liberty Mutual Ins. Co., 871 F.2d 1134, 1136 (D.C. Cir. 1989) ("Rule 15 embodies a generally favorable policy toward amendments").  A court would be abusing its discretion if it denies leave to amend unless there is a sufficiently compelling reason, such as "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting Foman v. Davis, 371 U.S. 178 (1962)).

The Supreme Court has explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a

proper source of relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Foman</u>, 371 U.S. at 182. In the instant case, Defendant has neither argued nor even claimed any sufficiently compelling reason—not undue delay, not bad faith nor a dilatory motive, not a repeated failure to cure any deficiencies by prior amendments, nor the futility of such amendment. The case is in such early stages of discovery and scheduling that no significant delay would result. Plaintiff's amendment was based on pure mistake based on information supplied by the EEOC, and is in no way based on bad faith or a dilatory motive. This is plaintiff's first and thus far only amendment of the complaint—it is clear that Plaintiff is not intentionally adding frivolous amendments. Finally, amendment is certainly not futile here because failure to amend might lead to the dismissal of this case and foreclosure of any Title VII remedy to the Plaintiff.

Furthermore, within the context of cases involving Title VII or the District of Columbia Human Rights Act, "if there is any reasonable doubt in a statute of limitations problem, the court will resolve the question in favor of the complaint standing and against the challenge." <u>See</u> <u>Lively v. Flexible</u>

21

Packaging Ass'n, 830 A.2d 874, 887 (D.C. 2003) (en banc) (quoting Simpson v. District of Columbia Office of Human Rights, 597 A.2d 392, 401 (D.C. 1991)) (citations in Simpson omitted). In determining the tolling of statutes of limitations involving Title VII cases, courts must also consider whether equitable principles warranted a tolling of the filing period. See Jarrell v. United States Postal Service, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (deeming Plaintiff's Title VII claim timely filed despite error in naming agency rather than agency head Postmaster General in complaint). While it is clear that a timely administrative charge is a prerequisite to initiation of a Title VII action in the District Court, the time-filing requirements are not jurisdictional prerequisites to suit, but are more "like a statute of limitations, [which] is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). It is apparent that courts have given special flexibility to Plaintiffs who wish to amend Title VII or D.C. Human Rights Act claims. The same principles of justice and equity that liberally construe amendments made under Fed R. Civ. Proc. 15(c)(3), Title VII and the D.C. Human Rights Act should compel this court to find that

22

Plaintiff's amendment should be permitted and Defendant's Partial Motion to Dismiss should be denied.

WHEREFORE, the Plaintiff respectfully requests that the Court deny Defendant's Partial Motion to Dismiss First Amended Complaint.

Respectfully submitted,

_____/s/_____

JOSEPH D. GEBHARDT
    (DC Bar No. 113894)
MYRREL C. HENDRICKS, JR.
    (DC Bar No. 291781)
CHARLES W. DAY, JR.
    (DC Bar No. 459820)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

May 16, 2006                    Attorneys for Plaintiffs

23