**EXHIBIT 1**

```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

ANTHONY D. HENDERSON,          )
                               )
        Plaintiff,             )
                               )
        v.                     ) Civil Action No. 05-1966 (RWR)
                               )
ANTHONY A. WILLIAMS            )
MAYOR, DISTRICT OF COLUMBIA    )
                               )
        and                    )
                               )
DISTRICT OF COLUMBIA           )
                               )
        Defendants.            )
                               )
```

**DECLARATION OF MYRREL C. HENDRICKS, JR.**

I, MYRREL C. HENDRICKS, JR., hereby declare under the penalty of perjury that the following statements are true and correct to the best of my knowledge and belief:

1. I am 52 years of age and competent to testify to all the matters stated herein.

2. I am Of Counsel with GEBHARDT & ASSOCIATES, LLP, 1101 17th Street, N.W., Suite 807, Washington, DC 20036-4716.

3. Plaintiff Anthony Henderson retained GEBHARDT & ASSOCIATES, LLP to represent him in his discrimination claim arising from employment decisions by the District of Columbia Public Schools ("DCPS"). The Right to Sue letter issued by the Equal Employment Opportunity Commission ("EEOC") instructed the Plaintiff that his Title VII lawsuit must be filed against the respondent(s) named in the charge in the administrative proceedings. (See Right to Sue Letter, dated July 5, 2005.)

4. The named respondent throughout the administrative

proceedings before the EEOC was the DCPS. The discriminatory decisions being challenged by the Plaintiff were made by employees of the DCPS.

5. On November 28, 2005, a true and correct copy of the original complaint and a summons was served upon the DCPS General Counsel's Office at 825 North Capitol Street, N.E., 9th Floor, Washington, DC 20002. Specifically the Summons and Complaint was delivered to Rhonda Johnson, the office receptionist by Mark A. Dann, an associate in our office. See Declaration of Mark A. Dann, dated March 27, 2006.

6. On December 15, 2005, I received a memorandum from Mr. Dann regarding the above captioned matter. His memorandum informed me that the DCPS Office of General Counsel had assigned attorney Harriet Segar to this case and provided her contact information.

7. I was out of the office from January 4, 2006 through January 12, 2006. On January 23, 2006, I attempted to contact Ms. Segar at the office telephone number provided in Mr. Dann's December 15, 2006 Memorandum. I never spoke with Ms. Segar.

8. On January 24, 2006, I spoke by telephone with Dana DeLorenzo, Assistant Attorney General for the District of Columbia. Ms. DeLorenzo initiated the conversation by telephoning me, I was still expecting the case to be handled by Ms. Segar.

9. In our conversation, Ms. DeLorenzo referenced that she

had a copy of our Title VII complaint in front of her. She stated that the DCPS was not a separate entity that can be sued, and thus Plaintiff's complaint should have named The District of Columbia and/or the Mayor of the District of Columbia as the defendant(s).

10. She stated that rather than filing a motion to dismiss, she was calling me as a courtesy to suggest that Plaintiff file an amended complaint naming the District of Columbia and/or the Mayor as the Defendants.

11. I inquired whether she had a case authority for the proposition that the DCPS was not the proper defendant, since the EEOC's Right to Sue Letter was so clear that the civil action must be file against the respondent(s) named in the charge file with the EEOC.

12. She responded to me that there was case authority for the proposition that the DCPS was not an entity that could be sued apart for the District of Columbia. She informed me that her office had the responsibility for defending employment discrimination claims such as those brought by the Plaintiff.

13. We had a brief discussion of the nature of Plaintiff's discrimination claims arising from various employment decisions by the DCPS. At the conclusion of the conversation, I thanked Ms. DeLorenzo for her call.

14. Our entire conversation lasted around five minutes. I have had no further conversations with Ms. DeLorenzo.

15. As a result of this conversation on January 24, 2006, it was determined that Plaintiff would file and serve an Amended Complaint naming the District of Columbia and the Mayor of the District of Columbia, as the Defendants, and an Amended Complaint with identical claims based on the identical facts was subsequently prepared and filed with the Court.

16. This Amended Complaint was served on the 27th day of March, 2006, upon a person of suitable age and discretion at the Office of the Attorney General for the District of Columbia at 441 4th Street, N.W., Room 600-South, Washington, DC 20001.

The foregoing facts are true and correct to the best of my knowledge and belief.

May 16, 2006
Date

Myrrel C. Hendricks, Jr.
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

# ATTACHMENT 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington Field Office

1801 L Street, N.W., Suite 100
Washington, D.C. 20507-1002
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0739

JUL 5 2005

Mr. Anthony D. Henderson
4315 Gallatin Street
Hyattsville, MD 20781

Re: *Henderson v. District of Columbia Public Schools*
Charge No.: 100-2004-00577

Dear Mr. Henderson:

I have recently been assigned as the Investigator in the above named charge. Under the Commission's Priority Charge Processing procedures, charges are dismissed when it is determined that further investigation is unlikely to disclose a violation of the law. The Director has decided to dismiss your charge and issue you a right to sue. The enclosed document entitled "Dismissal and Notice of Rights" explains that, should you wish to pursue the matter in court, you must file suit within **90 days** of receipt of this letter. Your charge is being dismissed because it is unlikely that the EEOC would be able to prove that you were discriminated against on the basis of your sex or retaliated against as you allege.

Specifically, as you acknowledge in your charge, you resigned on September 27, 2003, after being told that your pay rate would not be changed. The evidence shows that you unlike the females in question, voluntarily left the Respondent's agency for a higher paying job. However, the females you have compared yourself too were involuntarily terminated. Furthermore, a careful review of Chapter 11B, states that the Respondent may in its discretion use the highest previous rate when determining the basic rate of pay. Therefore, the evidence fails to indicate how your sex or retaliation was the basis for the adverse actions you alleged in your charge.

It is highly unlikely that further investigation would result in a violation of the statute. This determination concludes the investigation of this charge.

Sincerely,

Hyacinth M. Clarke
Federal Investigator

Enclosure(s)

EEOC Form 161 (3/98)       **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Anthony D. Henderson<br>4315 Gallatin Street<br>Hyattsville, MD 20781 | **From:** Washington Field Office<br>1801 L Street, N.W.<br>Suite 100<br>Washington, DC 20507 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 100-2004-00577 | Janet Stump,<br>Acting Enforcement Supervisor | (202) 419-0700 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt **of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Dana R. Hutter* (signature)               **JUL 5 2005**

Dana Hutter,
Acting Director                             (Date Mailed)

Enclosure(s)

cc: DISTRICT OF COLUMBIA PUBLIC SCHOOLS
    Office of Employee Services
    ATTN: Ms. Valerie Jones
    EEO Counsel
    825 North Capitol Street, NE
    Sixth Floor
    Washington, DC 20002

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* **this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*