# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY D. HENDERSON<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY A. WILLIAMS<br>MAYOR, DISTRICT OF COLUMBIA<br><br>and<br><br>DISTRICT OF COLUMBIA<br><br>Defendants. | ) | Civil Action No. 05-01966 (RWR) |

**PLAINTIFF'S SUR REPLY TO DEFENDANTS' PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff Anthony H. Henderson, by and through his undersigned counsel, hereby requests this Court to deny Defendants' Partial Motion to Dismiss First Amended Complaint and entire Title VII claim. Plaintiff states as follows:

## I. Defendant Had Notice of the Complaint and There Is No Prejudice to Defendant District of Columbia

There is no dispute that pursuant District of Columbia law, the Defendants are answerable for the actions of the District of Columbia Public Schools ("DCPS")[1]. Moreover, counsel for the

[1] DCPS is the name under which the school system for the District of Columbia is operated, and under DC law, the District must answer for the Title VII and other discrimination claims

Defendants, Dana DeLorenzo, blithely admits she had a copy of the original Complaint within the 120-day period for service. Presumably, unless Ms. DeLorenzo is claiming to have breached her ethical obligation as an attorney, she conveyed this information to Defendants, her clients. Thus, Defendants must answer for the actions of DCPS and, despite their contentions to the contrary, they were on notice of Plaintiff's claims before the expiration of the 120-day period for service. Defendants' efforts to trivialize these crucial facts, through its wooden recitation of the rules for service, is merely a futile effort to place form over substance and should be rejected.[2]

Aside from Defendants' unsubstantiated claim, there is simply no prejudice to them on these facts. Neither Defendants' Motion nor their Reply even feigned to offer proof that the delay at issue was prejudicial. Absent a showing of prejudice

---

raised by the Plaintiff. Yet, the organization under which it operates is confusing, similar to the facts relied upon by the court in Zuurbier v. MedStar Health Inc., 2006 D.C. App. LEXIS 149 *6 (D.C. 2006).

[2] At a minimum, Defendants' arguments merely raise a question of whether the notice was actual or constructive, but the facts simply do not negate the existence of notice in its entirety as Defendants claim.

to Defendants there is simply no basis for their efforts to have the Title VII claims dismissed.[3] The logic of Zuurbier is compelling on these facts. The relation back rules are to be liberally construed to foster resolution of disputes on their merits, to the extent that such resolution is consistent with the policies underlying the statute of limitations. Zurrbier, at *5, citing Wagner v. Georgetown Univ. Med. Cntr., 768 A.2d 546, 556 (D.C. 2001).[4] Under such a principle, Defendants' bare allegation of prejudice and recitation of the 90-day period under Title VII for filing this action is simply unpersuasive. There is no dispute that Plaintiff filed his original Complaint within the 90-day period (by October 4, 2005), and Defendants have articulated no proof of prejudice that has attached since January 24, 2006. As a result, there is no credible factual or legal basis for Defendants' naked assertion that any delay since January 24, 2006, is somehow prejudicial.

---

[3] Furthermore, any delay since January 24, 2005, is attributable to Defendants' own actions to postpone its required response to Plaintiff's non-Title VII claims, while vigorously pursuing this Motion to Dismiss.

[4] The application of the relation back rules should not be handled in the manner Defendants assert because they are intended as a tool to prevent defendants from evading claims based on mere "pleading technicalities". Zurrbier, at *5.

Ultimately, DCPS is the name under which the school system for the District of Columbia operates. Since Defendants are the only parties that can answer for DCPS's alleged discriminatory actions, there is no sound reason to allow them to escape that responsibility on these facts, where Plaintiff diligently pursued his Title VII claims.

## II. <u>Defendant Was Not Confused about the Claims Raised in the Original Complaint or the Proper Party to Respond to Them</u>

Plaintiff has diligently pursued his Title VII remedies consistent with the Right to Sue letter issued by the EEOC on July 5, 2005. It is undisputed that on November 28, 2005, Plaintiff, through his counsel, timely served his original Complaint upon Rhonda Johnson in the DCPS General Counsel's office, and that she accepted service. Plaintiff then went a step further by calling the DCPS General Counsel's office on December 15, 2005, to confirm his case had been assigned to a staff attorney, Harriet Seger.

This contrasts starkly with Defendants' actions. Defendants have not been forthcoming concerning when and how the original Complaint was reassigned to Assistant Attorney General for the District of Columbia. However, it is clear that it was in Ms. DeLorenzo's possession by not later than January 24,

2006. There is also no allegation of doubt or confusion in the minds of Defendants' counsel concerning the nature of Plaintiff's claims nor the proper party defendant, once they received and reviewed the original Complaint. Despite these undisputed facts, Defendants' counsel took no action to respond to Plaintiff's Complaint, except to give Plaintiff's counsel a "courtesy call."[5]

As a result of the January 24, 2006 "courtesy call," Plaintiff's counsel formally amend the Complaint and served it upon the Mayor and the District of Columbia. Regardless, it is clear Defendants knew or should have known that Plaintiff had filed the instant case based on the discriminatory actions of DCPS. Thus, the inescapable conclusion is that Defendants received timely notice of the original Complaint, and it would be grossly inequitable to dismiss Plaintiff's Title VII claims.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Partial Motion to Dismiss First Amended Complaint.

---

[5] By January 24, 2006, Ms. DeLorenzo knew Plaintiff's discrimination claims based on the unlawful actions of DCPS. Under these circumstances there is no credible basis for Defendant to assert any delay caused prejudice to its ability to responded to Plaintiff's Complaint.

Respectfully submitted,

/s/

JOSEPH D. GEBHARDT
(D.C. Bar No. 113894)
MYRREL C. HENDRICKS, JR.
(D.C. Bar No. 291781)
MARK A. DANN
(D.C. Bar No. 484523)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

June 5, 2006

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Sur Reply to Defendants' Partial Motion to Dismiss First Amended Complaint was served this 5th day of June, 2006, via case filing through the Court, upon counsel for Defendants as follows:

Holly M. Johnson
Section Chief
General Litigation Section III
441 4th Street, N.W., 6S61
Washington, DC 20001

Dana K. DeLorenzo
Assistant Attorney General
441 4th Street, N.W., 6S61
Washington, DC 20001

/s/

JOSEPH D. GEBHARDT