UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————————  )
ANTHONY D. HENDERSON,        )
                             )
          Plaintiff,         )
                             )
          v.                 )   Civil Action No. 05-1966 (RWR)
                             )
ANTHONY A. WILLIAMS, et al., )
                             )
          Defendants.        )
—————————————————————  )


MEMORANDUM OPINION AND ORDER

        Plaintiff Anthony D. Henderson filed an amended complaint
alleging that then-Mayor Anthony Williams and the Government of
the District of Columbia (the "District") constructively
discharged him in violation of Title VII of the Civil Rights Act
of 1964 and violated the Equal Pay Act.  Defendants filed a
partial motion to dismiss claiming that Henderson's amended
complaint does not relate back to the timely-filed original
complaint and that Henderson therefore did not timely file his
Title VII claim.  Because Henderson's amended complaint relates
back to the original complaint, defendants' motion to dismiss
will be denied.

BACKGROUND

        Henderson was employed by the District of Columbia Public
Schools ("DCPS") until 2001, earning a salary of $53,676.  (Am.
Compl. ¶ 10.)  Upon DCPS' request, Henderson returned to DCPS
temporarily in August 2003 to assist with ongoing projects

-2-

without a formal letter specifying salary information. Henderson
was subsequently assigned an annual salary of $36,421, which he
alleges was "significantly less than [it] should have been."
(Id. ¶ 14.) Henderson requested back pay and correction of his
salary. DCPS told him that due to budget constraints, it would
not be able to adjust his salary. (Id. ¶ 16.) However, during
the same period, several rehired female DCPS employees were
compensated based on their former salary rates. (Id. ¶ 35.)

In September 2003, Henderson unsuccessfully applied for a
permanent human resources specialist position within DCPS for
which a female applicant was later hired. (Id. ¶ 25-26.) Upon
what he claims was his constructive discharge due to DCPS's
refusal to correct his pay, Henderson filed a gender
discrimination complaint with DCPS's Office of Human Resources,
Office of Employee Services ("OES"). (Id. ¶ 24.) In February
2004, following the unsuccessful disposition of his OES
complaint, Henderson filed a complaint against DCPS with the U.S.
Equal Employment Opportunity Commission ("EEOC") asserting
disparate treatment. (Id. ¶ 31.) The EEOC issued him a right-
to-sue letter on July 6, 2005. (Pl.'s Mem. of P. & A. Opp'n to
Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), Ex. 1, Attach. 1 at 1.)

Henderson sued DCPS on October 4, 2005, within ninety days
of receiving his letter from the EEOC, and timely served DCPS on
November 28, 2005. Several months later, on January 24, 2006,

-3-

Henderson's counsel received a telephone call from Dana
DeLorenzo, Assistant Attorney General for the District of
Columbia.  (Id. at 5; id., Ex. 1 ¶ 8.)  DeLorenzo told
Henderson's counsel that she had received a copy of the complaint
against DCPS and recommended that Henderson correct his complaint
to list the District as defendant rather than DCPS, a non-suable
entity.  (Id., Ex. 1 ¶¶ 9-10.)  She further stated that if
plaintiff amended his complaint, defendants would not file a
motion to dismiss.  (Id., Ex. 1 ¶ 10.)

     Henderson amended his complaint on March 23, 2006,
substituting as defendants Mayor Williams in his official
capacity and the District, alleging that DCPS engaged in gender
discrimination in violation of the Equal Pay Act and Title VII.
Defendants moved to dismiss, claiming that (1) Henderson's suit
against Mayor Williams duplicates his suit against the District,[1]
and (2) his amended complaint filed in March 2006 does not relate
back to his original complaint that was timely filed in
October 2005, and consequently, that he did not timely file his
Title VII complaint against the District within ninety days of
receiving his right-to-sue letter.

_____

[1]    Henderson does not contest defendant's claim of
duplicativeness in his opposition.  Because Henderson is suing
Williams in his official capacity and "[w]hen sued in their
official capacities, government officials are not personally
liable for damages[,]" Atchinson v. Dist. of Columbia, 73 F.3d
418, 424 (D.C. Cir. 1996) (internal citation omitted),
Henderson's complaint against Anthony Williams will be dismissed.

-4-

<u>DISCUSSION</u>

A motion to dismiss should not be granted "unless it appears
beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief." <u>Conley
v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Under Fed. R. Civ. P.
12(b)(6), a district court "must view all the allegations and
facts in the complaint in the light most favorable to the
plaintiff[], and it must grant the plaintiff[] the benefit of all
inferences that can be derived from those facts." <u>Lindsey v.
United States</u>, 448 F. Supp. 2d 37, 44 (D.D.C. 2006).  However, a
complaint may be dismissed when "it is clear that no relief could
be granted under any set of facts that could be proved consistent
with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69,
73 (1984) (internal citation omitted).

Federal Rule of Civil Procedure 15(c) governs amendments to
a complaint that are made after the time for filing the complaint
has expired.  <u>See</u> <u>Miller v. Holzmann</u>, Civ. Action No. 95-1231,
2006 WL 3826886, at *8 (D.D.C. Dec. 28, 2006) ("A plaintiff who
has named, as a defendant, the wrong party may amend her
complaint to name the correct party even if the statute of
limitation has run if the requirements of Rule 15(c) . . . are
met.").  This rule permits a late-filed claim to relate back to
the time of the original timely-filed pleading if three
conditions are met.  First, the claim asserted in the amended

-5-

pleading must arise out of "the conduct, transaction, or
occurrence set forth in the original pleading."  Fed R. Civ. P.
15(c)(2), (3).[2]  Second, if the names of the parties change, the
party brought into the action must, "within the period provided
by Rule 4(m) for service of the summons and complaint"[3] receive
"such notice of the institution of the action that [defendant]
will not be prejudiced in maintaining a defense on the merits."
Fed. R. Civ. P. 15(c)(3)(A).  Third, a defendant must know or
should know that "but for a mistake concerning the identity of
the proper party, the action would have been brought against the
party."  Fed. R. Civ. P. 15(c)(3)(B).

Defendants argue that the names of the parties have changed
and that they had neither notice nor knowledge of the action as
required by Rule 15(c)(3).  (Defs.' Mem. of P. & A. Supp. Mot. to
Dismiss ("Defs.' Mot. to Dismiss") at 7.)  Henderson contends
that he did not change the parties, but "merely correct[ed] a
simple misnomer" (Pl.'s Opp'n at 9) -- implying that no further
assessment of the final two prongs of Rule 15(c)'s relation back
test is necessary -- and that his amended complaint relates back
because the "correct party was properly sued but incorrectly

---

[2]    The parties agree that this requirement has been met.
(Defs.' Mot. to Dismiss at 6; Pl.'s Opp'n at 15.)

[3]    Rule 4(m) requires "service of the summons and complaint
. . . upon a defendant within 120 days after the filing of a
complaint . . . ."  Fed. R. Civ. P. 4(m).

-6-

named." <u>Arrington v. Dist. of Columbia</u>, 673 A.2d 674, 679 (D.C.
1996). Henderson claims that he intended to sue the District but
named DCPS only because his July 6, 2005 EEOC right-to-sue letter
said he had to. In the alternative, Henderson argues that
defendants have not shown prejudice or lack of notice. (Pl.'s
Opp'n at 9.)

I.   CHANGED NAME

    <u>Arrington</u> and the Advisory Committee Notes to the 1966
amendment to Rule 15(c) suggest that Henderson's amendment
changed the name of the defendant and did not merely correct a
misnomer. The plaintiff in <u>Arrington</u> timely sued and served the
D.C. General Hospital, and later served the District. After the
District moved to dismiss on the ground that D.C. General was not
suable, the plaintiff amended her complaint to substitute the
District as the defendant. The D.C. Court of Appeals held that
the amendment was a name change that would trigger further
analysis of notice and prejudice to assess whether the change
should relate back in time to the original filing. <u>Arrington</u>,
673 A.2d at 680 (citing <u>Schiavone v. Fortune</u>, 477 U.S. 21, 28-30
(1986) (finding the substitution of a corporation for one of its
divisions to be a change in party)). See also <u>Rendall-Speranza
v. Nassim</u>, 107 F.3d 913, 918 (D.C. Cir. 1997) (treating the
addition of the employee's company as a defendant with the
employee's supervisor as a change in defendants) (citing <u>Donald</u>

-7-

v. Cook County Sheriff's Dep't, 95 F.3d at 548, 560 (7th Cir.
1996) (treating as a change in defendants the addition of
individual employees as defendants with original government
entity employer defendant, and citing 1966 Advisory Committee
Notes)).  Here, as in Arrington, the plaintiff originally named
and served a non-suable District entity.  He did not name the
District or serve the Mayor and the Attorney General upon whom
service must be made when the District is sued.  See D.C. Super.
Ct. R. Civ. P. 4(j)(1).  The substitution here, like those in
Arrington and Schiavone, appears to be a change in party.[4]  Even
under further Rule 15(c)(3) scrutiny, however, Henderson's
amendment passes muster.

II.  TIMELY NOTICE, KNOWLEDGE AND PREJUDICE

     "Rule 15(c) requires notice of the actual institution of the
action not mere notice that an action might ensue."  Grigsby v.
Johnson, Civ. Action No. 95-213, 1996 WL 444052, at *5 (D.D.C.
May 14, 1996).  Here, the District was not merely "apprised of
the pending lawsuit within the [120-day service] period,"

---

[4]     While Arrington revealed that D.C. General was governed by a
suable commission, whereas the District is the only entity suable
for the DCPS employment practices alleged here, the Advisory
Committee Notes seem to diminish the possible significance of
that distinction.  Those notes treated cases where plaintiffs
invoked a cause of action created against the Secretary of
Health, Education and Welfare ("HEW") but they named instead as
the defendant the United States, the HEW Department, a non-
existent agency, and the former rather than current Secretary, as
changed name cases subject to mistaken identity analysis under
Rule 15(c)(3)(B).

-8-

Grigsby, 1996 WL 444052, at *5; it received the original

complaint and encouraged the plaintiff to substitute parties.

Henderson's attorney and counsel for defendants spoke on

January 24, 2006, well within the 120-day period after the

complaint was filed on October 4, 2005.  Defendants' counsel

acknowledged having a copy of the complaint and remarked that

DCPS was not suable but that the District would be the proper

party.[5]  (Pl.'s Opp'n at 5; Defs.' Reply to Pl.'s Opp'n ("Defs.'

Reply") at 4-5, 9.)

     Defendants' counsel's suggestion that she would not file a

motion to dismiss if Henderson re-captioned his complaint

demonstrates notice of the action, a willingness for the District

to be brought into the suit, and knowledge that the District's

addition as a defendant was likely.[6]  See Hall v. CNN Am. Inc.,

_____

[5]    Evidence of notice can be gleaned if one entity administers
another.  Nichols v. Greater Southeast Community Hosp., Civ.
Action No. 03-2081, 2005 WL 975643, at *3 (D.D.C. Apr. 22, 2005)
(finding that defendant was on notice of plaintiff's claims and
"also that it understood itself to be the proper party" because
defendant was the administrator of the previously dismissed party
and became aware of the action at the same time as the dismissed
party).

[6]    Defendants argue that "notice to DCPS general counsel or
undersigned counsel cannot be attributed to the District or to
the Mayor or any of its/his agents for service of process."
(Defs.' Mot. to Dismiss at 9; see also Defs.' Reply at 9.)
However, defendants improperly conflate proper service with
notice and knowledge for purposes of Rule 15(c)(3)(A) and (B).
"The validity of the amendment under Rule 15(c) turns on actual
notice, not on whether process has been served."  Donald, 95 F.3d
at 560.  Rule 4(j) of the District of Columbia Superior Court
Rules of Civil Procedure requires that service be made upon the
District by mailing a copy of the complaint to the Mayor and to

-9-

Civ. Action No. 95-22, 1996 WL 653839, at *5 (D.D.C. Nov. 7,
1996) (noting that even if defendant did not know about the
action sparking the lawsuit, because of the publicity within the
relevant industry, defendant "should have known, and should have
expected to be a party to this action").  Finally, defendants
provide scant evidence of any prejudice.

II.  MISTAKE

     The D.C. Circuit has observed that the Advisory Committee
Notes to the 1966 amendment to Rule 15(c) emphasize "the
importance of 'relation back' in suits against the government in
which the complaint may name, for example, a non-existent agency
or a person who is no longer the relevant government official."
Rendall-Speranza, 107 F.3d at 918 (quoting Donald, 95 F.3d at
560) ("The commentary to Rule 15(c) clearly indicates that the
rule is intended to be a means for correcting the mistakes of
plaintiffs suing official bodies in determining which party is
the proper defendant.").  "Agencies and departments within the
District of Columbia government can not be sued as separate
entities."  Parker v. Dist. of Columbia, 216 F.R.D. 128, 130
(D.D.C. 2002) (citing Fields v. Dist. of Columbia Dep't of Corr.,
789 F. Supp. 20, 22 (D.D.C. 1992)) (finding that plaintiff had
sued an organizational subdivision of the District of Columbia
which was non-suable and that plaintiff correctly amended the

_____

the Attorney General of the District.  D.C. Super. Ct. R. Civ. P.
4(j).

-10-

complaint to list the District of Columbia as the defendant).

Because DCPS is a non-suable government entity, the Advisory

Committee Commentary is particularly applicable to Henderson who

modified his complaint upon the advice of defendants' counsel

that the suit was rightly and obviously against the District.

But for a mistake concerning the proper party to sue, Henderson

would have brought his claim against the District rather than

DCPS.  The three conditions of Rule 15(c) have been met.

<u>CONCLUSION AND ORDER</u>

Because defendants received notice of the original complaint

before the period for service of process had run and contacted

Henderson's counsel advising that they would not file a motion to

dismiss if the complaint was amended, defendants had sufficiently

timely notice to prevent any prejudice to their defense of this

action.  Additionally, because DCPS is a non-suable entity and

only the District can be sued for alleged employment

discrimination committed by DCPS, the District should have known

that but for Henderson's mistake about which official body to

name as defendant, it would have been brought into the original

suit.  Since Rule 15(c)(3) has been satisfied, Henderson's

amended complaint relates back to the timely-filed original

complaint.  Accordingly, it is hereby

-11-

ORDERED that defendants' partial motion to dismiss [7] be, and hereby is, GRANTED as to Henderson's claims against Williams and DENIED as to his claims against the District.

SIGNED this 12th day of March, 2007.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge