UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY D. HENDERSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-CV-1966 (RWR) |
| DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

**DEFENDANT DISTRICT OF COLUMBIA'S[1] ANSWER TO THE FIRST AMENDED COMPLAINT**

Defendant District of Columbia, by and through undersigned counsel, hereby answers the First Amended Complaint in the above-captioned matter. The District asserts that anything not specifically admitted herein is denied, and answers the First Amended Complaint as follows:

**First Defense**

The First Amended Complaint fails to state a claim upon which relief may be granted.

**Second Defense**

The District states the following in response to the individually numbered paragraphs in the First Amended Complaint:

1. The allegations in paragraph 1 of the First Amended Complaint are legal conclusions and/or a statement of claims to which no response is required. To the extent that a response is required, the District denies said allegations and demands strict proof thereof at trial.

---

[1] By Order dated March 12, 2007, the Court dismissed then-Mayor Anthony Williams as a defendant in this matter. Therefore, only the District of Columbia remains as a defendant.

## Parties

2. The allegations in paragraph 2 are legal conclusions to which no response is required. To the extent that a response is required, the District is without sufficient information to admit or deny that the plaintiff is a U.S. citizen, resident of Maryland or that he lives at the address listed. The District admits that he was employed by the District between August 1999 – August 2001 and from August 2003 – September 2003.

3. The allegations in paragraph 3 are legal conclusions to which no response is required. Additionally, by the Court's March 12, 2007 Order, Mayor Williams is dismissed as a defendant.

4. The allegations in paragraph 4 are legal conclusions to which no response is required. To the extent that a response is required, DCPS is not a suable entity, the District is properly named as a defendant instead of DCPS and the address for the Mayor is 1350 Pennsylvania Avenue, NW, Washington, DC.

## Jurisdiction and Venue

5. The allegations in paragraph 5 are legal conclusions to which no response is required. The defendant acknowledges the statutory section cited in paragraph 5 but denies that jurisdiction is necessarily conferred therefrom.

6. The allegations in paragraph 6 are legal conclusions to which no response is required. The defendant acknowledges the statutory section cited in paragraph 6 but denies that jurisdiction is necessarily conferred therefrom.

7. The allegations in paragraph 7 are legal conclusions to which no response is required. The

defendant acknowledges the statutory section cited in paragraph 7 but denies that jurisdiction is necessarily conferred therefrom. To the extent that a response is required, all of the relevant actions that are described in the First Amended Complaint occurred in the District of Columbia.

8. The allegations in paragraph 8 are legal conclusions to which no response is required. The defendant acknowledges the statutory section cited in paragraph 8 but denies that jurisdiction is necessarily conferred therefrom. To the extent that a response is required, all of the relevant actions that are described in the First Amended Complaint occurred in the District of Columbia.

9. The District is without sufficient information to admit or deny the allegations in this paragraph.

10. The District admits the allegations in this paragraph except that the plaintiff was only employed by the District from August 1999 – August 2001 and from August 2003 – September 2003, not "three years."

**Facts**

11. The District is without sufficient information to admit or deny the allegations in this paragraph.

12. The District is without sufficient information to admit or deny the allegations in this paragraph.

13. The District admits that the plaintiff returned to work for the District in August 2003 but is without sufficient information to admit or deny the remaining allegations in this paragraph.

14. The allegations in paragraph 14 are legal conclusions to which no response is required. To the extent that a response is required, the District admits that the plaintiff returned to work for the District in August 2003 and that his annual salary at that time was $36,421. The District is without sufficient information to admit or deny the remaining allegations.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent that a response is required, the District acknowledges that the plaintiff sent a letter dated

September 24, 2003 requesting that his salary rate be adjusted and requesting backpay. The District denies the remaining allegations.

16. The District acknowledges that plaintiff's requests in his September 24, 2003 letter were denied. The District is without sufficient information to admit or deny the remaining allegations.

17. The District admits this allegation.

18. The allegations in paragraph 18 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the remaining allegations in this paragraph.

19. The District acknowledges that the vacancy was posted but is without sufficient information to admit or deny the remaining allegations in this paragraph.

20. The District is without sufficient information to admit or deny the remaining allegations.

21. The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the remaining allegations.

22. The allegations in paragraph 22 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the remaining allegations.

23. The allegations in paragraph 23 are legal conclusions to which no response is required. To the extent that a response is required, the District acknowledges that the plaintiff resigned effective September 27, 2003.

24. The allegations in paragraph 24 are legal conclusions to which no response is required. To the extent that a response is required, the District acknowledges that the plaintiff filed a

discrimination complaint with DCPS in October 2003.

25. The allegations in paragraph 25 are legal conclusions to which no response is required. To the extent that a response is required, the District acknowledges that the plaintiff applied for the position of HR specialist in September 2003 and included a resume and response to the ranking factors. The District is without sufficient information to admit or deny the remaining allegations.

26. The District is without sufficient information to admit or deny the allegations in this paragraph.

27. The defendant is without sufficient information to admit or deny the allegations in this paragraph.

28. The defendant is without sufficient information to admit or deny the allegations in this paragraph.

29. The allegations in paragraph 29 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the allegations in this paragraph.

30. The allegations in paragraph 30 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the allegations in this paragraph.

31. The defendant is without sufficient information to admit or deny when he filed the EEOC complaint. However, defendant acknowledges that an EEOC charge of discrimination was filed on May 20, 2004 and that it includes claims of sex discrimination and retaliation based on DCPS's failure to pay him at his requested salary rate and failure to hire him for a particular position.

32. The defendant acknowledges that a right to sue notice was mailed on July 5, 2005. The defendant is without sufficient information to admit or deny the allegation regarding when plaintiff received the right to sue notice.

33. The allegations in paragraph 33 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the allegation regarding when plaintiff received the right to sue notice.

34. The allegations in paragraph 34 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the remaining allegations.

35. The allegations in paragraph 35 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the remaining allegations.

36. The allegations in paragraph 36 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the remaining allegations. The defendant does acknowledge that the plaintiff filed an administrative EEO complaint with DCPS in October 2003.

37. The allegations in paragraph 37 are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies these allegations and demands strict proof thereof.

38. The defendant is without sufficient information to admit or deny the allegations in this paragraph except that the defendant acknowledges that the plaintiff applied for the position described therein and provided a resume and a response to ranking factors.

39. The allegations in paragraph 39 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the remaining allegations.

40. The defendant is without sufficient information to admit or deny the allegations in this paragraph.

41. The allegations in paragraph 41 are legal conclusions to which no response is required. To the extent that a response is required, the defendant is without sufficient information to admit or deny the remaining allegations.

42. The allegations in paragraph 42 are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies these allegations and demands strict proof thereof.

43. The allegations in paragraph 43 are legal conclusions to which no response is required. To the extent that a response is required, the defendant denies these allegations and demands strict proof thereof.

## CAUSES OF ACTION

### COUNT I

44. The allegations in paragraph 44 are legal conclusions and a statement of claims to which no response is required.

### COUNT II

45. The allegations in paragraph 45 are legal conclusions and a statement of claims to which no response is required.

### COUNT III

46. The allegations in paragraph 46 are legal conclusions and a statement of claims to which no response is required.

### COUNT IV

47. The allegations in paragraph 47 are legal conclusions and a statement of claims to which no

response is required.

## Relief Requested

48. The allegations in paragraph 48 are a statement of claims to which no response is required.

## Third Defense

Plaintiff may have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

## Fourth Defense

Plaintiff may have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

## Fifth Defense

Plaintiff's EEOC/Human Rights claim may have been filed in an untimely fashion.

## Sixth Defense

The First Amended Complaint might have been filed in an untimely fashion.

## Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the First Amended Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct.

## Eighth Defense

All actions taken by defendants relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

## Ninth Defense

Plaintiff would have been subjected to the alleged employment actions even if they had not engaged in protected activities.

### Tenth Defense

Plaintiff failed to mitigate any damages that he may have incurred.

### Eleventh Defense

Plaintiff may have failed to meet the applicable statute of limitations.

### Twelfth Defense

Defendants are protected by the Doctrine of Qualified Immunity.

### Set-off

Defendant asserts a set-off for all funds and services provided to the plaintiffs through Medicare, Medicaid, public assistance, or other sources.

### Jury Demand

The defendant requests a trial by jury.

WHEREFORE, the District prays the Court dismiss the First Amended Complaint and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

      /s/
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov