UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY D. HENDERSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 05-CV-1966 (RWR) |
| : | |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendant. : | |

### JOINT MEET AND CONFER STATEMENT

Notice is hereby given that the parties conducted the meeting required by Local Civil Rule 16.3 by telephone on April 17, 2007 and were able to reach agreement without the need to meet in person. Pursuant to the rules of the Court, undersigned counsel submits this report. Further, a proposed Scheduling Order incorporating the parties' suggestions is attached.

Plaintiff's Statement of the Case and Statutory Basis For All Causes of Action

Plaintiff Anthony D. Henderson has brought this action against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for harms caused to him by the unlawful gender discrimination of his former employer, the District of Columbia Public Schools, when Plaintiff was subjected to disparate treatment, unequal terms of employment, and was not promoted because of gender discrimination and retaliation. The Amended Complaint seeks relief for the following discriminatory actions:

1. Defendant, within the past three years, willfully violated the Equal Pay Act, 29 U.S.C. §206(d), by paying the male Plaintiff less than female employees for equal work beginning in August 2003.

2. Defendant violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., by paying the male Plaintiff less than female employees for the same work because of his gender/sex during August-September 2003. Rather than addressing Mr. Henderson's concerns, DCPS ignored them, and chose to disparage and ultimately constructively discharge him.

3. Defendant violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., by selecting a less qualified female applicant for the position of Human Resources Specialist in October 2003, instead of the better qualified male Plaintiff based on his gender/sex.

4. Defendant violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., by not selecting Plaintiff for the position of Human Resources Specialist in October 2003 in retaliation for his prior complaint of discrimination to the Equal Employment Opportunity Commission.

In this action, the Plaintiff seeks the following relief:

a. Placement into the position of Human Resources Specialist, EG-0201-12, as advertised in Vacancy Announcement 03-OHR-032A, salary range $45,629 to $58,770, retroactive to October 2003, with full back pay and benefits to the date of decision;

b. Back pay and benefits at his highest previous rate for the period of August 25, 2003 - June 28, 2004;

c. Maximum compensatory damages to which Plaintiff is entitled by law;

d. Liquidated damages based on violations of the Equal Pay Act;

e. The costs and expenses of this action, including but not limited to reasonable attorney fees at prevailing market (Laffey) rates;

f. All appropriate record correction in conformance with Plaintiff's retroactive appointment;

g. Such other relief as the Court deems just and appropriate.

## The District's Statement of the Case and Defenses

Defendant District of Columbia ("the District")[1] contends that its actions did not violate any of the plaintiff's rights or Title VII or the Equal Pay Act. As indicated in the District's Answer, its defenses may include: Plaintiff may have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements; Plaintiff may have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct; Plaintiff's EEOC/Human Rights claim may have been filed in an untimely fashion; The First Amended Complaint might have been filed in an untimely fashion; If Plaintiff was injured and/or damaged as alleged in the First Amended Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct; All actions taken by defendants relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons; Plaintiff would have been subjected to the alleged employment actions even if they had not engaged in protected activities; Plaintiff failed to mitigate any damages that he may have incurred; Plaintiff may have failed to meet the applicable statute of limitations; and/or Defendants are protected by the Doctrine of Qualified Immunity.

## Joint Statement

1. <u>Case Tracking Category</u>. The parties agree that this case should be assigned a standard track with some modification. The parties agree that discovery should be completed in 150 days and that the deadline for all written discovery requests should expire no later than 60 days before

---

[1] By Order dated March 12, 2007, the Court dismissed then-Mayor Anthony Williams as a defendant in this matter. Therefore, only the District of Columbia remains as a defendant.

discovery closes. Thus, the parties believe that discovery should close September 26, 2007.

2. <u>Amended Pleadings</u>. The parties agree that amended pleadings should be filed at least 90 days before the close of discovery.

3. <u>Assignment to Magistrate Judge</u>. The parties do not consent to assignment of this case to a Magistrate Judge except for purposes of discovery and mediation.

4. <u>Settlement Possibility</u>. The parties believe there is a possibility of settling this case after discovery has been conducted.

5. <u>ADR</u>. The parties believe that the case would benefit from mediation before a Magistrate Judge upon conclusion of discovery and request that the Court assign the case for mediation after discovery has closed.

6. <u>Dispositive Motions</u>. The parties agree that any dispositive motion should be filed within 60 days after the close of discovery, that any opposition should be filed within 30 days after the filing of the motion, and that any reply should be filed within 15 days after the filing of the opposition.

7. <u>Initial Disclosures</u>. The parties agree to waive initial disclosures.

8. <u>Discovery</u>. The parties agree that discovery should close on September 26, 2007 (150 days). The parties agree that interrogatories should be limited to twenty-five (25) by each party and depositions should be limited to five (5) by each party and that the parties be bound by discovery limitations set forth in the Federal Rules of Civil Procedure.

9. <u>Experts</u>. The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified except that Plaintiff shall designate (including the required report) any expert(s) within 60

days after the date this Order is entered, and that Defendant shall designate any expert(s) within 90 days after the date this Order is entered.

      10.    Class Action Procedures.  N/A

      11.    Bifurcation of Discovery or Trial.  The parties do not see any need for bifurcation.

      12.    Proposed Date/Trial Date for Pretrial Conference.  The parties suggest that the Court set a scheduling conference at or near the close of discovery to set a date for the pretrial conference. The parties agree that a firm trial date should be scheduled by the Court at the pretrial conference.

      Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

      /s/
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

      /s/
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

*Counsel for the District of Columbia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY D. HENDERSON,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 05-CV-1966 (RWR) |
| : | |
| : | |
| **DISTRICT OF COLUMBIA,** : | |
| : | |
| Defendant. : | |
| : | |

## SCHEDULING ORDER

Upon consideration of the parties' joint meet and confer statement, it is this ___ day of

_____, 2007, hereby **ORDERED** as follows:

1. <u>Case Tracking Category</u>.  The case is assigned to an extended track, with certain modifications.  Written discovery requests shall be served no later than 60 days before the close of discovery and all discovery will close on September 26, 2007.

2. <u>Amended Pleadings</u>.  Amended pleadings must be filed by at least 90 days before the close of discovery.

3. <u>Dispositive Motions</u>.  Any dispositive motion must be filed within 60 days after the close of discovery.  Any opposition must be filed within 30 days after the filing of the motion.  Any reply must be filed within 15 days after the filing of the opposition.

4. <u>Initial Disclosures</u>.  Initial disclosures will be waived.

5. <u>Discovery</u>.  Discovery will close on September 26, 2007.  Each party will be limited to twenty-five (25) interrogatories and five (5) depositions.  No other limits, aside from those set forth in the Federal Rules of Civil Procedure, will be placed on discovery at this time.

6. <u>Experts</u>.  Plaintiffs will designate their expert(s) by June 26, 2007, and defendants shall designate their expert(s) by July 26, 2007.

7. <u>Pretrial Conference</u>.  The pretrial conference will be held on _____, 2007.

8. <u>Trial Date</u>.  The trial will be set at the pretrial conference.

**SO ORDERED.**

_____
The Honorable Richard W. Roberts
United States District Judge