## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTHONY HENDERSON,                    :
                                      :
            Plaintiff,                :
                                      :
v.                                    :        Civil Case No. 05-1966 (RWR)
                                      :
DISTRICT OF COLUMBIA, et al.          :
                                      :
            Defendants.               :

### DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE TO PLAINTIFF'S FIRST SETOF INTERROGATORIES

Tonia Campbell, Paralegal Specialist, Office of the Attorney General Counsel, 441 4th Street, N.W., Washington D.C. 20001, having been first duly sworn under oath, upon information and belief, gives the following answers to interrogatories propounded to Defendant by Plaintiff:

### General Objections

1.      Defendant objects to the instructions propounded by plaintiffs to the extent that they seek or purport to impose obligations in excess of those required by the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court of the District of Columbia.

2.      Defendant objects to this discovery to the extent that it inquires into matters privileged from disclosure pursuant to the attorney-client privilege, executive privilege, deliberative process privilege, legislative privilege, informant's privilege, law enforcement privilege, prosecutorial privilege, spousal privilege, Privacy Act, District of Columbia Municipal Regulations, D.C. Office of Personnel rule and/or regulations, the work-product doctrine, and/or other  applicable privilege or similar protection.

3.      Defendant objects to this discovery to the extent that it seeks disclosure of confidential material or information in the absence of a protective order.

4.      In responding to these requests, Defendant does not waive, but retains and preserves any and all objections to the materiality, admissibility, and/or relevance of the information provided.

5.      In responding to these Requests, Defendant does not concede or admit any premise, proposition, or characterization contained in any discovery request or pleading herein.

6.      In seeking the disclosure Plaintiffs seek hereby, Plaintiffs are understood to waive any and all privileges, protections or claims regarding or relating to the subject of the disclosure.

7.      Defendant objects to this discovery insofar as it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, unduly burdensome and vexatious on grounds, including but not limited to, that it seeks materials without limitation as to time period or over a period of time so lengthy as to seek information immaterial, irrelevant to, or otherwise inadmissible in this litigation.

8.      Defendant understands that Plaintiff's' discovery requests are not intended to seek communications or documents that are protected by the attorney-client privilege or protected by the work-product doctrine and objects to and invokes these protections from disclosure in response to plaintiffs' discovery Requests insofar as they could be read to seek such protected information.

9.      Defendant objects to these Requests as vague, ambiguous, irrelevant, and over broad.

10.     This response to the discovery Request is accurate to the best of the Defendant's knowledge as of this date.  The Defendant's investigation, however, is continuing, and the Defendant may obtain additional information relevant to the subject matter of this action through discovery and further review of documents.  Defendant reserves three right to rely on subsequently discovered information.

11.     Defendant objects to the use of its response to the discovery request in any proceedings other than the above-captioned case.

12.     Defendant objects to this discovery Request to the extent that it seeks copies of electronic mail ('e-mail') on the grounds that compilation and disclosure of such documents would be oppressive, unduly burdensome and excessively expensive. Plaintiffs provide no reasonable parameters as to the dates of the search or on the senders, recipients or search terms.  Nor have plaintiffs indicated any willingness to defray the expense of compiling e-mail.

13.     Defendant objects to these Requests as unduly burdensome and redundant insofar as they seek the production of materials previously received from any party herein, served upon or filed by any party or counsel to any party to these matters, or available from the Court in which these matters are pending.

14.     Defendant objects to this Request insofar as it is redundant and/or duplicative of Requests propounded by plaintiffs' counsel in other litigation against the District and refers plaintiffs to the records and materials received by their counsel from the District of

Columbia, its agents, employees, officers, and officials in other cases prosecuted in whole or in part by the Partnership for Civil Justice and/or National Lawyers Guild.

15.    Each and every response herein is made subject to the foregoing General objections, regardless of whether a General Objection or specific objection is stated in the response.  The explicit reference to a General Objection or the making of a specific objection in response to a particular discovery response is not intended to constitute a waiver of General Objections that are not specifically referred to in that response.

## <u>INTERROGATORIES</u>

1.    State the name, sex, prior EEO activity, position title, pay grade, address, and telephone numbers of all persons believed to have knowledge of the issues raised in Plaintiff's Complaint, along with a brief summary of the knowledge each person is believed to possess.

**RESPONSE:** Valerie Jones, EEO Counsel, 825 North Capitol Street, NE 6tth Floor, Washington, DC 20002, (202)442-5424, female; Dana Hunter, gender unknown, Acting Director and Janet Stump, Acting Enforcement Supervisor, female, 1801 L Street, NW, Washington, DC 20507, (202)419-0700;  John Woods, ADR Coordinator and Jancie B. Campbell, Enforcement Supervisor, female, 1400 L Street, NW, Washington, DC 20005, (202) 275-0077, (202) 275-7679 respectively; Jessica Charles,  Office of the General Counsel, 825 North Capitol Street, NW, Washington, D.C. 20002, (202) 442-5107, female;  Lisa Richardson, District of Columbia Public Schools, Office of Human Resources, 825 North Capitol Street, NE, Washington, D.C. 20002, female:

2.    For every year from 1999 to 2004, describe the organizational structure of the Agency and any divisions therein.  The Response must include, but should not be limited

to, a list of the name, sex, prior EEO activity, position title, pay grade, address, and

telephone numbers of all employees of the OCFO and OHR and an indication of their

assignment within the organizational structure and their respective chains of command.

     **RESPONSE:** Defendant will supplement this response as appropriate.

3.     List and describe any and all complaints since 2000 to the present of any kind

whatsoever, informal or formal, arising from employees of OCFO and/or OHR involving

pay retention, stating the name of the complainant, the date of the complaint, the nature

of the complaint, and the disposition or resolution of the complaint. The Response must

include, but should not be limited to, the name, sex, prior EEO activity, position title, pay

grade, address, and telephone numbers of the person(s) who were involved in processing,

investigating, and/or deciding the outcome of such complaint, along with a detailed

description of all steps the Agency used to assess the complaint.

     **RESPONSE:** Defendant will supplement this response as appropriate.

4.     List and describe any and all complaints since 2000 to present, of any kind

whatsoever, informal or formal, arising from employees of OCFO and/or OHR involving

gender discrimination, stating the name of the complainant , the date of the complaint, the

nature of the complaint, and the disposition or resolution of the complaint, including

whether counseling and/or disciplinary action was proposed or taken by the Agency, and

a detailed description of all steps the Agency used to assess the complaint. The Response

must include, but should not be limited to, a list of the name, sex, prior EEO activity,

position title, pay grade, address, and telephone numbers of the person(s) who were

involved in processing, investigating, and/or deciding the outcome of such complaint and

of such person(s) who were involved in such counseling and/or disciplinary action, along with the date such counseling and/or action was proposed and/or taken.

      **RESPONSE:**  Defendant will supplement this response as appropriate.

5.     List and describe any and all complaints or disciplinary actions, of any kind whatsoever, involving Aleta Alsop, stating the name of the complainant , the date of the complaint, the nature of the complaint, and the disposition or resolution of the complaint, including whether counseling and/or disciplinary action was proposed or taken by the Agency against Ms. Alsop.   The Response must include, but should not be limited to, a list of the name, sex, prior EEO activity, position title, pay grade, address, and telephone numbers of any person who was involved in the processing, investigating, and/or deciding the outcome of any such complaint or disciplinary action, along with the date such counseling and/or disciplinary action was proposed and/or taken.

      **RESPONSE:**  Defendant will supplement this response as appropriate.

6.     Describe in detail the process used by the Agency to evaluate and asses the selection and/or rehire of former Agency employees for subsequent positions, including a list of any and all measures and criteria the Agency used to assess the candidates qualifications, a detailed description [sic] the individual(s) who were involved in the processing, investigating, and/or deciding that outcome, and the scope and nature of their involvement in the process.

      **RESPONSE:**  Defendant will supplement this response as appropriate.

7.     Describe in detail the process used by the Agency to evaluate and assess the selection and/or rehire of the Plaintiff for the temporary position in August 2003,

including a list of any and all measures and criteria the Agency used to assess Plaintiff's

qualifications, a detailed description of the individual(s) who were involved in

processing, investigating, and/or deciding, [sic] and the scope and nature of their

involvement in the decision-making process.

      **RESPONSE:** Defendant will supplement this response as appropriate.

8.     State each and every reason why the Agency rehired Plaintiff for a temporary

position in August 2003, including a detailed description of the individual(s) who were

involved in processing, investigating, and/or making that decision, and the scope and

nature of their involvement in that decision.

      **RESPONSE:** Defendant will supplement this response as appropriate.

9.     State the name, sex, prior EEO activity, position title, pay grade, address, and

telephone numbers of all individuals who applied for the position of Human resources

Specialist, Vacancy Announcement 03-OHR-032A.

      **RESPONSE:** Deborah Wise, female, previous EEO activity, position title, pay

grade unknown; Alphonso Danner, male, previous EEO activity, position title, pay grade,

unknown; Chaynda Jones, previous EEO activity, position title, pay grade, address

unknown; Leigh Berdy, previous EEO activity, position title, pay grade, unknown; Marl

Green, previous EEO activity, position title, pay grade unknown; Natasha Manasa,

previous EEO activity, position title, pay grade unknown; Linda Rosborough, female.

previous EEO activity, position title, pay grade, address, and telephone numbers

unknown; Dessiree Newman, female, previous EEO activity, position title, pay grade

unknown; Celeste Mitchell, female, previous EEO activity, position title, pay grade

unknown; Charmin Makell, previous EEO activity, position title, pay grade unknown; Deidra White, female, previous EEO activity, position title, pay grade unknown; E. Denise Bryant, female, previous EEO activity, position title, pay grade unknown; Stephen Brown, male, previous EEO activity, position title, pay grade unknown; Timothy Armstrong, male, previous EEO activity, position title, pay grade unknown; Majorie McKnight, female, previous EEO activity, position title, pay grade unknown; Jamilla Bennett, female, previous EEO activity, position title, pay grade unknown; Brilla Perez, previous EEO activity, position title, pay grade unknown; Tara Sullivan, female, previous EEO activity, position title, pay grade unknown; Margret Williams, female, previous EEO activity, position title, pay grade unknown; Robert Young, male, previous EEO activity, position title, pay grade unknown; Jerome Taylor, male, previous EEO activity, position title, pay grade unknown; Dedras Slade, previous EEO activity, position title, pay grade unknown; Cheryl Muller, female, previous EEO activity, position title, pay grade unknown; Janacina Kerr, female, previous EEO activity, position title, pay grade unknown; Bernell Wiggins, previous EEO activity, position title, pay grade unknown; Stacey Whitted, previous EEO activity, position title, pay grade unknown; Richard Obray; male, previous EEO activity, position title, pay grade unknown; Shalice B previous EEO activity, position title, pay grade unknown; Suriya Douglas-Williams, previous EEO activity, position title, pay grade unknown;.

10.    State the name, sex, prior EEO activity, position title, pay grade, address, and telephone numbers of any and/or all individuals who were given interviews for the position of Human Resources Specialist, Vacancy Announcement 03-OHR-032A.

**RESPONSE:** Stephen Brown, Leigh Ann Berdy, Alphonso Danner, April Davis, Marl Green, Lillian Holmes, Natasha Mahasa, Linda Rosborough, Celeste Mitchell, Dessiree Mitchell.

11.    State each and every reason why the individuals identified in Interrogatory No. 10 were interviewed. Identify the individual(s) involved in investigating, processing and/or making that decision, and the scope and nature of their involvement in that decision.

**RESPONSE:** Defendant will supplement this response as appropriate.

12.    State the name, sex, prior EEO activity, position title, pay grade, address, and telephone numbers of all persons who participated or provided advice concerning the decision to not select the plaintiff for an interview for the position of Human Resources Specialist, Vacancy Announcement 03-OHR-032A, and the scope and nature of their involvement in that decision.

**RESPONSE:** Defendant will supplement this response as appropriate.

13.    State each and every reason why Plaintiff was not selected for an interview for the position of Human Resources Specialist, Vacancy Announcement 03-OHR-032A. Identify the individual(s) involved in investigating, processing and/or making that decision, and the scope and nature of their involvement in that decision.

**RESPONSE:** Defendant will supplement this response as appropriate.

14.    State the full extent of Aleta Alsop's knowledge about Plaintiff's eligibility for and interest in the position of Human Resources Specialist, Vacancy Announcement 03-OHR-032A. The Response must include, but should not be limited to, a list of the name, sex, prior EEO activity, position title, pay grade, address, and telephone numbers of every

person with whom Ms. Alsop communicated with regarding the Plaintiff's eligibility for and interest in the position of Human Resources Specialist, Vacancy Announcement 03-OHR-032A, along with a detailed description of the date, place, and substance of the communication.

**RESPONSE:** Defendant will supplement this response as appropriate.

15.     State the name, sex, prior EEO activity, position title, pay grade, address, and telephone numbers of the person who was hired for the position of  Human Resources Specialist, Vacancy Announcement 03-OHR-032A, and identify the individual(s) involved in  processing and/or deciding the outcome, and scope and nature of their involvement in that decision.

**RESPONSE:**  Defendant will supplement this response as appropriate.

16.     Describe all the steps and procedures used by the Agency in evaluating, approving and/or denying adjustment to the Agency's employees' rates of pay, and identify the individual(s) involved in process [sic], investigating  and/or making that decision, and the scope and nature of their involvement in that decision.

**RESPONSE:**  Defendant will supplement this response as appropriate.

17.     Describe in detail the process used to deny Plaintiff's request to adjust his pay rate to his previous rate of pay in August 25, 2004 through September 27, 2003, including each and every reason for the denial, and identify the individual(s) involved in process [sic], investigating, and/or making that decision, and the scope and nature of their involvement in that decision.

**RESPONSE:**  Defendant will supplement this response as appropriate.

18.     State the name, sex, prior EEO activity, position title, pay grade (prior and subsequent), address, and telephone numbers of all rehired individuals from 2000 to present.

**RESPONSE:**  Defendant will supplement this response as appropriate.

19.     State the name, sex, prior EEO activity, position title, pay grade (prior and subsequent), address, and telephone numbers of all rehired individuals whose pay rate was adjusted to their former rate of pay from 2000 to present.

**RESPONSE:**  Defendant will supplement this response as appropriate.

20.     State the name, sex, prior EEO activity, position title, pay grade (prior and subsequent), address, and telephone numbers of all individuals who were involved in investigating, processing and/or deciding to adjust the pay rate of all rehired individuals identified in Interrogatory No. 19, and state the scope and nature of their involvement in that decision.

**RESPONSE:**   Defendant will supplement this response as appropriate.

21.     Describe the date, place, and substance of any and all communications concerning the salary or pay, including any adjustment thereof, other than privileged communications with Defendants attorneys, between the persons identified in Response to Interrogatory No.1.

**RESPONSE:**  Defendant will supplement this response as appropriate.

22.     Describe in detail Plaintiff's work duties and responsibilities for every position he held within the Agency from 1999 to present, including any alterations in those duties and responsibilities.

   **RESPONSE:** Defendant will supplement this response as appropriate.

23.     Provide each and every reason why the Agency gave Plaintiff a score of zero ("0") out of  possible five ("5") points for human resource experience on his ranking sheet, and identify the individual(s) involved in processing, investigating, and/or making that decision, and the scope and nature of their involvement in that decision.

   **RESPONSE:** Defendant will supplement this response as appropriate.

24.     State the name, sex, prior EEO activity, position title, pay grade, address, and telephone numbers, field of specialization, qualifications, years of experience, and amount of remuneration for any expert the Agency retained to assess Plaintiff's and/or intends to call as a witness at the time of trial.

   **RRESPONSE:** Defendant will supplement this response as appropriate.

25.     If the Defendants believe Plaintiff was not qualified for pay retention policy or subjected to discrimination, state all facts and reasons that support that conclusion.

   **RESPONSE:** Defendant will supplement this response as appropriate.

_____

Tonia Campbell
Paralegal Specialist

DISTRICT OF COLUMBIA, ss:

I, Darlene Fields, a Notary Public in and for the District of Columbia, do hereby certify that TONIA CAMPBELL, whose name is signed to the foregoing document, dated the 22nd day of January, 2008, personally appeared before me and executed the same release, and acknowledged the same to be her act and deed.

Given under my hand and official seal this 22nd day of January, 2007.

/s/ Darlene Fields
NOTARY PUBLIC

My Commission Expires:  2/28/09

Date:  January 22, 2007          Respectfully submitted,

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
       Washington, D.C. 20001
(202) 724-6608
(202) 727-3625 (fax)
E-Mail: michelle.davy@dc.gov