UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY HENDERSON, | : |
| Plaintiff, | : |
| v. | : Civil Case No. 05-1966 (RWR) |
| DISTRICT OF COLUMBIA, et al. | : |
| Defendants. | : |

**DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

The District of Columbia ("District" or "defendant") submits the following responses to requests for the production of documents propounded to the District by plaintiff pursuant to Super. Ct. Civ. R. 34.

General Objections

Defendant objects to the production of any information that is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, defendant objects to any part of the plaintiff's instructions which seek to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the defendant's control or not currently known to its attorneys after reasonable inquiry.

Defendant objects to the production of personal information contained in the personnel file of an employee of the District of Columbia. This information is not subject to

1

release pursuant to D.C. Code §§ 1-631 et. seq., 5-113.06, DCMR 6-3113, absent a release from the Court.

Defendant does not possess independent knowledge of the incident in question and must rely on its agents and employees and/or contemporaneously filed relevant reports.

## REQUESTS

1.  Any and all documents reviewed or referred to in the answer to Plaintiff's First Set of Written Interrogatories.

    **RESPONSE:** Please see Plaintiff's Official Personnel File, and EEO File attached.

2.  Any and all structural or organizational charts of the Agency and any divisions therein between 1999 and 2004, and any alterations therein.

    **RESPONSE:** Defendant will supplement this response as appropriate.

3.  Any and all official files the Agency maintained regarding Plaintiff, including, but not limited to, personnel files, pay records, performance evaluations, records of raises, awards and/or bonuses, counseling records, disciplinary actions and/or grievance documents.

    **RESPONSE:** Defendant will supplement this response as appropriate.

4.  Any other information, documents, or notes maintained on Plaintiff which are not in his official personnel files.

**RESPONSE:** Defendant will supplement this response as appropriate.

5. Any and all disciplinary and/or counseling records pertaining to Interrogatories No. 3 through 5, except any Employee Assistance Program records.

**RESPONSE:** Defendant will supplement this response as appropriate.

6. Any and all documents and materials regarding the Agency's policies and practices regarding the selection and rehire of former Agency employees to subsequent positions.

**RESPONSE:** Defendant will supplement this response as appropriate.

7. Any and all official files the Agency maintained regarding individuals identified in Interrogatories No. 9 and 10, including, but not limited to, personnel files, pay records, performance evaluations, records of raises, awards and/or bonuses, counseling records, disciplinary actions and/or grievance documents.

**RESPONSE:** Defendant will supplement this response as appropriate.

8. Any and all official files the Agency maintained regarding the individual identified in Interrogatory No. 15, including, but not limited to, personnel files, pay records, performance evaluations, records of raises, awards and/or bonuses, counseling records, disciplinary actions and/or grievance documents.

**RESPONSE:** Defendant will supplement this response as appropriate.

9. Any and all correspondence or communication to or from Plaintiff concerning his non-selection for the position of Human Resource Specialist, Vacancy

3

Announcement, 03-OHR-32A on one hand and on the other hand, Aleta Alsop, from 2003 to the present.

**RESPONSE:** Defendant will supplement this response as appropriate.

10. Any and all correspondence or communication, other than privileged communications with Defendant's attorneys, to or from the individuals responsible for not selecting Plaintiff for the position of Human Resource Specialist, Vacancy Announcement, 03-OHR-032A, from 2003 to the present.

**RESPONSE:** Defendant will supplement this response as appropriate.

11. Any and all records on which the Agency relied upon in making its decision to not select Plaintiff for the position of Human Resource Specialist, Vacancy Announcement, 03-OHR-32A.

**RESPONSE:** Defendant will supplement this response as appropriate.

12. Any and all records regarding the selection and/or rehire and/or hire of individuals for the position of Human Resource Specialist, Vacancy Announcement, 03-OHR-032A. The Response must include, but not limited to, the selection file, application file, ranking sheets, and interview notes.

**RESPONSE:** Defendant will supplement this response as appropriate.

13. Any and all documents and materials regarding the Agency's policies and practices regarding pay retention.

**RESPONSE:** Defendant will supplement this response as appropriate.

14. Any and all correspondence or communication concerning Plaintiff's employment and pay, other than privileged communications with Defendants' attorneys, to or from Aleta Alsop, and any individual identified in Response to Interrogatory No. 1.

**RESPONSE:** Defendant will supplement this response as appropriate.

15. Any and all correspondence or communication to or from Plaintiff concerning his pay grade for the position of Human Resource Specialist, Vacancy Announcement, 03-OHR-32A on one hand and on the other hand, Aleta Alsop, from 2000 to the present.

**RESPONSE:** Defendant will supplement this response as appropriate.

16. Any and all correspondence or communication, other than privileged communications with Defendant's attorneys, to or from the individuals responsible for deciding Plaintiff's pay grade.

**RESPONSE:** Defendant will supplement this response as appropriate.

17. Any and all records on which the Agency relied in determining his pay grade beginning August 2003.

**RESPONSE:** Defendant will supplement this response as appropriate.

18. Any and all official files the Agency maintained regarding the individuals identified in Interrogatory No. 19, including, but not limited to, personnel files, pay records, performance evaluations, records of raises, awards and/or bonuses,

counseling records, disciplinary actions and/or grievance documents.

**RESPONSE:** Defendant will supplement this response as appropriate.

19. Any and all position descriptions, standards, plans, or the equivalent for each Agency position ever held by Plaintiff, including any alterations.

**RESPONSE:** Defendant will supplement this response as appropriate.

20. Any and all materials relating to, including but not limited to the position description and vacancy announcement, for the position of Information Technology Specialist, Vacancy Announcement 03-OHR-021.

**RESPONSE:** Defendant will supplement this response as appropriate.

21. Any and all materials relating to, including but not limited to the position description and vacancy announcement, for the position of Human Resources Specialist, Vacancy Announcement 03-OHR-032A.

**RESPONSE:** Defendant will supplement this response as appropriate.

22. Any and all materials relating to, including but not limited to the position description, for the temporary position held by Plaintiff for the period of August 25, 2003 through September 27, 2003.

**RESPONSE:** Defendant will supplement this response as appropriate.

23. Any and all documents and materials relied upon in Response to Interrogatory No. 7.

**RESPONSE:** Defendant will supplement this response as appropriate.

24. Any and all documents and materials relied upon in Response to Interrogatory No. 23.

**RESPONSE:** Defendant will supplement this response as appropriate.

25. If the Defendants believe that Plaintiff was not subjected to discrimination or qualified for pay retention, any and all records or documents that support that conclusion.

**RESPONSE:** Defendant will supplement this response as appropriate.

26. Any other documents, paper or electronic, related to or responsive to the allegations in Plaintiff's Complaint, other than those included in the Record of Investigation.

**RESPONSE:** Defendant will supplement this response as appropriate.

27. Any and all documents provided to, used by, or produced by any experts whom Defendants have retained to assess Plaintiff's Complaint and/or whom Defendants intend to call as a witness at Plaintiff's trial.

**RESPONSE:** Defendant will supplement this response as appropriate.

28. The complete official personnel files of any employees whom Defendant presently intends to call as a witness at the trial on Plaintiff's Complaint.

**RESPONSE:** Defendant will supplement this response as appropriate.

29. All exhibits Defendants intend to use at the trial on Plaintiff's Complaint.

**RESPONSE:** Defendant will supplement this response as appropriate.

Date: January 22, 2008   Respectfully submitted,

    PETER NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    /s/Kimberly Matthews Johnson
    KIMBERLY MATTHEWS JOHNSON, #435163
    Chief, General Litigation Sec. I

    /s/Michelle Davy
    MICHELLE DAVY, #454524
    Assistant Attorney General
    Sixth Floor South
    441 4th Street, N.W.
      Washington, D.C. 20001
    (202) 724-6608
    (202) 727-3625 (fax)
    E-Mail: michelle.davy@dc.gov